**Albert H. CARTER**

v.

**TELECTRON, INC.***

**Civ. A. No. 71–H–944.**

United States District Court, S. D. Texas, Houston Division.

Dec. 16, 1977.

* Consolidated with the following in which Albert H. Carter is the Plaintiff:

C. V. Kern, 72–H–344; Jack Heard, 74–H–42; V. Bailey Thomas, 75–H–21; W. J. Estelle, Jr., 75–H–314; Oscar S. Savage, 75–H–1679; Texas Agribusiness Co., 75–H–1992; Ray Hardy, 76–H–458; Carl O. Bue, Jr., 76–H–707; Thomas Reed, 76–H–1037; Ray Hardy, 76–H–1044; W.J. Estelle, Jr., 76–H–1342; V. Bailey Thomas, 76–H–1446; Edward W. Wadsworth, 76–H–1550; Edward Levi, 76–H–1655; John V. Singleton, Jr., 76–H–1663; Chipper's Nut Hut, Inc., G–77–8; Andrew Dolce, G–77–9; Clarence Kelley, G–77–10.

## MEMORANDUM AND OPINION

CARL O. BUE, Jr., District Judge.

### I. INTRODUCTION

This is a case of first impression in this Circuit, so far as this Court can determine, involving the practices employed in the filing and processing of civil lawsuits by one who is unquestionably the most litigious prisoner in the Southern District of Texas. The questions before the Court are: (1) should the 17 causes of action dismissed by this Court on March 7, 1977, for failure of plaintiff, Albert H. Carter, a felon incarcerated at the Texas Department of Corrections (TDC), to pay filing and service fees as ordered be reinstated under the in forma pauperis provisions of 28 U.S.C. § 1915; (2) if not reinstated, should the previous dismissals be construed to be with or without prejudice, and (3) in light of certain practices of plaintiff which have come to the attention of this Court and are documented in this Memorandum and Opinion, should plaintiff's ready, cost-free access to the courts based on the privilege of proceeding in forma pauperis without prepayment of fees under Section 1915 be more closely monitored pursuant to 28 U.S.C. §§ 1651 and 1915 in light of his continuing abuse of this privilege and the judicial process?

### A. Albert Carter as a Pro Se Litigant

An analysis of the 178 cases currently known to have been filed by plaintiff throughout the country which this Court has documented in order to resolve the questions presented, see List of Cases, Part III.B.1., infra, illustrates that Carter is a proficient pro se litigant with 15 years experience. His abilities, however, on the whole have directed him not in the bona fide pursuit of meritorious causes, but rather, as documented in this opinion, toward the perpetual exploitation, abuse and harassment of the judicial system and various defendants who have figured in his life over the past two decades.

Carter's long list of problems, which serve as the fount for his many suits, began while he was a United States Air Force officer. As described in detail in *Carter v. United States,* 509 F.2d 1150, 206 Ct.Cl. 61 (1975), *modified,* 518 F.2d 1199, *cert. denied,* 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976), and *Carter v. United States,* 325 F.2d 697 (5th Cir. 1963), *cert. denied,* 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308 (1964), Carter, during his 12 year tenure in the Air Force from 1948 to 1960, performed with distinction as a bombardier-navigator. His creditable record, however, faded rapidly into censure during 1959. It was during that period that he came under suspicion by law enforcement authorities for a series of criminal acts involving fraud and was

placed in mental hospitals for examination and treatment, where, among other things, he committed a severe act of self-mutilation. Carter thereafter was discharged from the Air Force in December of 1960. His difficulties spilled over into the civilian world where they continued unabated and eventually led to a life sentence in the Texas Department of Corrections as a habitual criminal offender, his convictions being based on perjury and embezzlement.

Since his incarceration Carter has been a prolific litigant, but he scarcely fits the usual mold. The typical inmate who believes that he possesses a meritorious claim, being inarticulate and unschooled in the law, plods slowly along an unfamiliar path of legal rules and procedures. He is in need of the liberal protection embodied in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). On the other hand, although Carter uses the common tools available to a prisoner in filing pro se and in forma pauperis, he is an uncommon prisoner litigant. First of all, as indicated by the List of Cases in Part III.B.1., *infra,* Carter has been an active litigant since the time of his Air Force discharge in 1960, years prior to the sudden rise in prisoner litigation of this decade and his incarceration as an habitual criminal in 1972. It is indeed important to note that the earliest suits located by this Court, brought in the spring of 1961, were filed pro se and in forma pauperis. *See* List of Cases, Nos. 120, 144 thru 149.

Secondly, Carter is unlike most pro se prisoner litigants in that many of his actions, and most of those which are repetitious of earlier filings, are not civil rights actions based on the conditions of his confinement but are based on facts stemming from events which occurred prior to his present incarceration, commencing with his Air Force discharge and thereafter relating to other employments, business dealings and criminal difficulties. Thus, the bulk of Carter's filings represent a number of lengthy private wars and vendettas which Carter has carried out at no monetary expense to himself pursuant to 28 U.S.C. § 1915.[1] For example, he has filed 12 actions over a 15-year period against the United States and Air Force officials challenging numerous matters connected with his discharge from the Air Force. *See* List of Cases, Nos. 120 thru 131. In one of these recently-filed actions, *see* List of Cases, No. 131, Judge John H. Pratt, United States District Judge for the District of Columbia, dismissed plaintiff's complaint against the United States on the grounds of res judicata, noting that:

> "[t]his action seems particularly appropriate for applying the doctrine of res judicata. The purpose of that doctrine is to eliminate needless repetitive litigation. This case is a paradigm of needless repetitive litigation. It has gone on for over 14 years and involved the energies of at least six courts, not to mention the thousands of hours of time expended by countless civil servants."

*Carter v. United States,* (Memorandum and Order, C.A. 76–1181, August 4, 1977, at 4); *see* Supplemental File, Exhibit A.

Judge Pratt's appraisal of Carter's litigation on his Air Force discharge, while emphasizing its typically duplicative, harassing nature, also suggests the major difference between Carter and other prisoner litigants. That is, Carter as a pro se plaintiff has an extensive working knowledge of the substantive law and procedural rules in areas

---

1. Section 1915 of Title 28, United States Code, provides in pertinent part:

> "(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress."
>
> \* \* \* \* \* \*
>
> "(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

of interest for purposes of his litigation.[2] Given Carter's easy access to the federal court through Section 1915, the de-centralized and uncoordinated court system has been an easy target for a litigant who, although schooled in the law, lacks the requisite good faith in implementing its use. Thus, by abusing the Section 1915 privilege which allows a pauper to bring causes of actions without prepayment of fees, and deliberately circumventing fundamental procedural rules, as is hereafter documented in Part III., *infra,* Carter has succeeded in (1) prosecuting duplicate actions simultaneously in multiple courts, (2) obtaining default judgments through the use of techniques designed to avoid actual service of process on a defendant, (3) conducting ex parte litigation made possible by his acknowledged failure to serve pleadings on opposing parties, (4) misrepresenting his status as a pauper for purposes of the Section 1915 determination to this and other courts, (5) varying allegations of state citizenship for purposes of federal diversity jurisdiction to fit the necessities of a particular case and (6) submitting pleadings and documents in legal proceedings which upon inspection and comparison raise the spectre of forgery.

The case filings and related practices documented in this opinion necessarily have raised questions as to the merits of any of his 99 complaints heretofore filed in this District and the truthfulness of the allegations contained therein. In addition to his own standing in this and other courts in this District, Carter also has jeopardized the cause of other prisoner litigants. Because he has filed more than double the number of complaints in the Southern District as any other prisoner litigant, he necessarily has become a focal point for scrutiny and control both by the Staff Law Clerk and this Court, thereby shifting judicial resources away from other prisoner litigants

who are prosecuting causes of action in good faith. Although it is apparent from the sheer bulk of material contained herein that the entire judicial process is treated as akin to a game by Carter, heretofore financed at the expense of the public, the abuses of such process and the Section 1915 privilege which are described in this opinion are viewed most seriously by this Court; indeed, they call for immediate, responsive remedial measures aimed at controlling any further manifestations through the judicial outlet of Carter's hostility and pique.

### B. Need for Effective Control of Multiple Filers Such as Plaintiff

The number of cases filed by prisoners has increased dramatically in this decade. Total prisoner petitions, both civil rights and habeas corpus, climbed to almost 20,000 nationwide for the 12-month period ending June 30, 1977, compared to approximately 16,000 petitions for the year 1972, thus representing a 25 percent increase in the last five years. ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, THE UNITED STATES COURTS: A PICTORIAL SUMMARY THROUGH THE TWELVE–MONTH PERIOD ENDING JUNE 30, 1977, at 14 (hereafter "THE UNITED STATES COURTS: A PICTORIAL SUMMARY"); *see* FEDERAL JUDICIAL CENTER, RECOMMENDED PROCEDURES FOR HANDLING PRISONER CIVIL RIGHTS CASES IN THE FEDERAL COURTS (Tentative Report No. 2, 1977), at 6 (hereafter "Aldisert Report No. 2"). Additionally, as of June 30, 1977, actions brought by state and federal prisoners represented 15 percent of all pending civil cases in the federal courts, the second largest category behind contract actions at 18 percent. · THE UNITED STATES COURTS: A PICTORIAL SUMMARY, at 13. In the Southern District of Texas and other district courts whose jurisdiction en-

---

2. Carter has received favorable rulings on procedural points, particularly under Fed.R.Civ.P. 41 and the provisions covering dismissal with or without prejudice, *see Carter v. Telectron, Inc.,* 554 F.2d 1369 (5th Cir. 1977); *Carter v.*

*United States,* 547 F.2d 258 (5th Cir. 1977), and whether a complaint alleges facts sufficient to state a cause of action. *See Carter v. Thomas,* 527 F.2d 1332 (5th Cir. 1976); *Carter v. Estelle,* 519 F.2d 1136 (5th Cir. 1975).

compasses a large prison population, the percentages obviously are higher. For example, a detailed study recently completed by the Administrative Office indicates that the filing of prisoner civil rights complaints in four such districts, namely the Southern District of Texas, Middle District of Pennsylvania, Middle District of Florida and District of Maryland, grew by a whopping 43 percent in the two-year period between June 30, 1975, and June 30, 1977, twice the average growth rate for the remaining 90 districts.

The above figures are of great concern to the judges who sit in the Houston Division of the Southern District of Texas. This is an extremely busy court in a rapidly growing metropolitan area. The average caseload per court in this division now fluctuates between 650 and 700 civil cases, one of the largest in the country, in addition to a sizable criminal docket. Thus, a premium must be placed on the efficient use of judicial time in all areas of the docket in order to move this caseload towards a timely disposition.

However, because of the unique nature of prisoner litigation, it is difficult to process and dispose of these suits in an efficient manner. The fact that prisoner actions generally are brought pro se poses considerable problems in screening. Additionally, it is axiomatic that for many prisoners a belief in the merits of one's case is frequently not the motivating force behind the filing. Instead,

"[t]he usual restraint on unwarranted litigation, expense, is absent in a field where prisoners can usually proceed in forma pauperis and where the expenditure of time in preparation is a welcome relief from the tedium of prison life."

Aldisert Report No. 2, at 3. *See, e. g., Jones v. Bales,* 58 F.R.D. 453, 463 (N.D.Ga. 1972), *aff'd per curiam,* 480 F.2d 805 (5th Cir. 1973). Given this potential motivation, a court many times will be expending its energies on a lawsuit which, although legal-

ly sufficient on its face to state a cause of action, has no factual basis. Thus, although statistical studies have shown that most prisoner cases are in fact frivolous, *see* Aldisert Report No. 2, at 7, it is difficult under present standards of review to weed out on the basis of the pleadings alone the nonmeritorious suits, particularly given the liberality to be accorded pro se pleadings. As noted in *Jones v. Bales, supra* at 464:

"[a] reasonably intelligent prisoner with a willingness to misrepresent facts can often avoid both 12b dismissal and summary judgment, although he actually has no chance of eventual success in his suit."

Prisoner litigants such as plaintiff who, by filing a large number of actions, abuse the privilege of proceeding pro se and in forma pauperis pursuant to Section 1915 have created and continue to create an unjustifiable waste of judicial resources expended to process and dispose of these actions. The problems, both legal and administrative, posed to this and other federal district courts by these multiple filers cannot be overemphasized. *See, e. g., Green v. Garrott,* 71 F.R.D. 680 (W.D.Mo.1976) (minimum of 219 actions filed by plaintiff); *Dickinson v. French,* 416 F.Supp. 429 (S.D.Ala. 1976) (minimum of 44 actions filed by plaintiff); *Ex parte Tyler,* 70 F.R.D. 456 (E.D. Mo.1975) (18 actions filed by plaintiff on same set of facts). *See generally* Aldisert Report No. 2.

The Staff Law Clerk for this District has estimated that roughly 20 prisoners out of an approximate prison population of 22,000 persons account for 50 percent of the non-habeas prisoner actions filed in this District. Compounding the inordinate amount of time which must be spent on the filings by these few litigants is the fact that many of the causes of action are repetitious of or related to earlier actions, although typically this is not disclosed in the newer complaint. *See, e. g., Hill v. Estelle,* 423 F.Supp. 690 (S.D.Tex.1976). As a result of their efforts, multiple filers such as plaintiff have effec-

tively placed a severe handicap on any meaningful effort by this and other courts to single out those cases having merit for disposition within a reasonable time.

### C. Control of Abuse Through Section 1915(d)

The elimination of the gross waste of time required to separate the "wheat from the unusual amount of chaff necessarily presented in a system which fosters pro se litigation," *Watson v. Ault*, 525 F.2d 886, 890 (5th Cir. 1976), is one of the most difficult challenges presently confronting the federal judiciary. Because Section 1915 is the ticket for free entrance into the federal system and is a privilege and not a right, *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969), this District, like many others, has focused on the discretionary controls contained in 28 U.S.C. § 1915(d) which enable a court to dismiss the action *sua sponte* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex.1977) (partial payment requirement established for certain Section 1915 filers); *Hill v. Estelle, supra* (second similar action dismissed as malicious). Thus, in defining the purpose of Section 1915(d), the First Circuit Court of Appeals in the oft-cited case of *O'Connell v. Mason*, 132 F. 245, 247 (1st Cir. 1904), stressed the responsibility of courts to ensure a reasonable, good faith use of the in forma pauperis statute:

> "It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings."

To date, this Court has been unable on a case-by-case basis and without the benefit of plaintiff's overall litigation perimeters to monitor with any degree of effectiveness his use or misuse of the Section 1915 privilege. However, having recently compiled substantial documentation on plaintiff's case filings and conduct as a litigant through a review of state and federal court records, the Court now is in a position to address the questions presently before the Court and carry out its Section 1915(d) responsibilities. Accordingly, the order of discussion is as follows: chronology of this Court's previous monitoring of plaintiff's litigation in this District (Part II); plaintiff's misrepresentation of his financial status in order to proceed in forma pauperis and his prosecution of malicious and frivolous lawsuits through the use of abusive practices (Part III); and disposition of the motions before the Court and the promulgation of procedures necessary to prevent future abuse by this plaintiff of the Section 1915 privilege (Part IV).

In order to establish an appropriate record for review and ease of reference in this unique case, certified copies of certain documents, pleadings and orders hereafter discussed are included in a Supplemental File created and made a part of the record in this cause solely for purposes of this opinion.

### II. CHRONOLOGY OF THIS COURT'S PREVIOUS MONITORING OF PLAINTIFF'S LITIGATION IN THE SOUTHERN DISTRICT OF TEXAS

In 1973, the Federal Judicial Center appointed a special committee chaired by Judge Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit to study the peculiar and difficult problems posed by the sudden dramatic increase of prisoner litigation in federal court. In a tentative report entitled "Recommended Procedures for Handling Prisoner Civil

Rights Cases in the Federal Courts" (October 6, 1975) (hereafter "Aldisert Report No. 1"), the Aldisert Committee promulgated a set of general guidelines premised on a need for centralization. One proposal for centralization had special relevance to plaintiff Carter:

"In multijudge courts it is a sound management practice . . . that all actions commenced by one prisoner be assigned to the same judge."

Aldisert Report No. 1, at 25. The report further encouraged district courts to create a Prisoner Staff Law Clerk position to oversee prisoner civil litigation.

In August, 1976, the Southern District established such a Staff Law Clerk position, hired a law school graduate to fill the slot and commenced implementation of the major recommendations of the Aldisert Tentative Report. *See Braden v. Estelle, supra* at 597, 600; *Hill v. Estelle, supra* at 694–95. In this regard, it was determined that the civil rights actions filed by the District's most litigious prisoner, plaintiff herein, would be transferred to the docket of this Court, and such a transfer was accomplished during the third quarter of 1976.

Two factors stemming from implementation of the Aldisert recommendations led this Court to the fortuitous discovery in late 1976 that plaintiff had obtained a $5,486.76 judgment against the United States in January of 1976, and therefore was no longer indigent. First, in order to make the in forma pauperis determination of 28 U.S.C. § 1915 more meaningful, the Staff Law Clerk with the approval of the Court devised and placed in use during October, 1976, a more detailed form affidavit of indigency to replace the generalized form in use at that time, blank copies of which were sent to plaintiff for completion. Second, following the transfer to this Court of plaintiff's pending civil rights actions, the Court undertook with the assistance of the Staff Law Clerk a review and study of plaintiff's prior filings in the Southern District of Texas, Houston Division, in order to grasp more fully the scope and nature of plaintiff's litigation. This review led to the discovery of the opinion by the United States Court of Claims in *Carter v. United States*, 509 F.2d 1150, 206 Ct.Cl. 61 (1975), *modified*, 518 F.2d 1199, *cert. denied*, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976), and its judgment in favor of plaintiff.

In view of the $5,486.76 judgment, this Court declared plaintiff no longer indigent in an Order of December 3, 1976, and directed him to reimburse the United States Government for prepaid filing and service fees in the 40 actions filed by him in the Houston Division which were pending at that time.

In the next three months, plaintiff collected the money judgment from the United States, voluntarily dismissed 23 of his actions, at least one of which he immediately refiled in another court, *see* Part III.B. 1.c., *infra*, but refused to pay filing and services fees totalling $354.00 in the remaining 17 actions. Accordingly, upon plaintiff's failure to comply with the further ruling of this Court of February 18, 1977, to pay the amounts previously ordered within ten days, plaintiff's actions were dismissed on March 7, 1977.

Plaintiff subsequently has filed motions inquiring whether the dismissals were with or without prejudice and asking that the dismissed actions now be reinstated in view of the fact that he has exhausted the $5,486.76 judgment in support of his wife and minor child. Plaintiff also recently sought leave to file a petition for writ of mandamus in the United States Supreme Court seeking a vacating of the March 7 Order and a declaration that plaintiff be permitted to prosecute these 17 actions in forma pauperis pursuant to 28 U.S.C. § 1915. The motion was denied by the Supreme Court on October 11, 1977. *See* 22 Crim.L.Rep. 4040 (No. 77–5349).

## III. PLAINTIFF'S DOCUMENTED ABUSE OF THE IN FORMA PAUPERIS PRIVILEGE

As stated previously, Carter has attempted to proceed as a pauper without prepayment of fees in almost every action commenced by him since 1961. Indeed, the earliest litigation commenced by plaintiff which this Court has been able to uncover, see List of Cases, Nos. 120, 144 thru 149, filed during April and May, 1961, were brought by plaintiff in forma pauperis, although up until December 30, 1960, a time four months prior to the filing of these actions as a pauper, plaintiff had been a Captain in the United States Air Force. See Carter v. United States, 509 F.2d 1150, 1152, 206 Ct.Cl. 61 (1975), modified, 518 F.2d 1199, cert. denied, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976).

In five of these actions, plaintiff was denied the right to proceed in forma pauperis by Federal Judge William A. Bootle, Middle District of Georgia, Macon Division, who, without reaching the question of plaintiff's alleged indigency, concluded that

"[t]he Court, in view of the number of these suits, their nature, their allegations and the showing made by some of the defendants in evidentiary fashion, in connection with motions for summary judgment, is not at all convinced that these suits are in good faith, and are not malicious, and brought to annoy."

Memorandum and Order, August 16, 1961, at 4; see Supplemental File, Exhibit B. Thus, the question of plaintiff's misuse of the Section 1915 privilege dates from the time of his earliest case filings.

### A. Untrue Allegations of Poverty

In the early 1970's, the state courts of Harris County, Texas, were deluged with Carter complaints accompanied by affidavits of indigency. Numerous contests to plaintiff's financial indigency were lodged by the State District Clerk Ray Hardy and the County Clerk R. E. Turrentine, Jr., and prosecuted by the Harris County District Attorney's Office. After a court hearing in most cases, the majority of courts found that plaintiff was not indigent and denied pauper status, see, e. g., List of Cases, Nos. 15, 17, 63, 69, 71, 77, 83 and 159, while others granted plaintiff leave to proceed in forma pauperis. The denial of pauper status by certain state courts prompted other causes of action filed by plaintiff in forma pauperis, see, e. g., List of Cases, Nos. 50 and 51, including mandamus petitions filed by plaintiff in the Supreme Court of Texas which are not included in the List of Cases.

The next major denial of plaintiff's ability to proceed as a pauper based on his financial status was entered by this Court on December 3, 1976, as previously outlined in Part II., supra. The final judgment of the Court of Claims awarding plaintiff $5,486.76 was entered on January 2, 1976. However, plaintiff did not act to collect the money judgment, nor did he inform this Court of his changed pauper status in affidavits for leave to proceed in forma pauperis submitted in connection with causes of action filed after January 2, 1976. Instead, he continued to state under oath that he was indigent. Indeed, the December 3 Order recites the steps undertaken by this Court, once it had learned of the $5,486.76 judgment, to flush out plaintiff on this point and his continued reluctance to disclose this money recovery until directly questioned about it.

Records in the United States Court of Claims indicate that plaintiff was paid the judgment on December 6, 1976. Nevertheless, even following this Court's denial of plaintiff's pauper status in the December 3 Order and his collection of the judgment three days later, plaintiff has stated falsely under oath in applications to proceed in forma pauperis submitted after December 6, 1976, that he is indigent, without mention of the damage recovery and this Court's Order. Thus, in three actions received on December 21, 1976, and filed in the Galveston Division of the Southern District of Texas, on January 6, 1977, see List of Cases, Nos. 14, 107 and 138, plaintiff deceptively

submitted outdated affidavits completed November 26, 1976, asserting that he had received no funds in the past 12 months and that he was unable to pay the $15.00 filing fees and $3.00 service costs.

Additionally, on February 17, 1977, plaintiff filed a lawsuit in the Western District of Texas, Austin Division, see List of Cases, No. 39, and submitted an accompanying affidavit of indigency sworn to by him on December 27, 1976, in which he falsely swore on page 1 that he had not received any money from any source within the past 12 months. See Supplemental File, Exhibit C. Because of the routine lack of information by courts as to case filings in other districts, plaintiff obtained approval to proceed in forma pauperis in this recent cause of action.

As a consequence, plaintiff continues to deceive courts and falsely state under oath facts pertinent to his financial status in his attempt to invoke the in forma pauperis privilege of Section 1915 and obtain continued public financing of his private litigation.

### B. Malicious and Frivolous Actions and Practices

Section 1915(d), in addition to permitting dismissal of an in forma pauperis action when the allegation of poverty is found to be untrue, further permits dismissal of a malicious or frivolous lawsuit. Courts, in exercising the discretion vested by this section, uniformly have taken judicial notice of official court records of other proceedings as an aid in determining whether a particular action should be so defined and dismissed. See, e. g., Daye v. Bounds, 509 F.2d

66, 68 (4th Cir.), cert. denied, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975); Conway v. Oliver, 429 F.2d 1307, 1308 (9th Cir. 1970); Willard v. United States, 422 F.2d 810, 811 (5th Cir.), cert. denied, 398 U.S. 913, 90 S.Ct. 1714, 26 L.Ed.2d 76 (1970). Because of the motions filed by plaintiff, this Court has undertaken to determine and document the scope and range of this plaintiffs' litigation in this and other forums, both state and federal, by gaining access to and reviewing pertinent court records. See Green v. Garrott, 71 F.R.D. 680 (W.D.Mo. 1976). The investigation, although extremely time-consuming, has proved to be highly revealing and has allowed this Court to obtain for the first time the necessary overview of plaintiff's approximately 15 years of active litigation, both prior to and during his periods of incarceration. On the basis of the information uncovered, the Court has compiled (1) a list of cases filed by plaintiff in forums which have come to the attention of this Court, and (2) a supplemental file containing certified copies of official court records from the files of other courts which are relied upon to illustrate certain of plaintiff's abusive tactical patterns of procedure as hereafter discussed.

### 1. The List of Cases Summarizing Plaintiff's Litigation Uncovered by this Court to Date

This Court has located 178 actions brought by plaintiff over the past 15 years, excluding administrative proceedings, numerous mandamus petitions directed at state and federal judges and other appellate filings. These cases are summarized and arranged in alphabetical order by defendant and, where appropriate, by subject matter.

Table to follow.

C A S E   L I S T

### ALBERT H. CARTER V. CEPHUS D. BURSON (Employee of Texas Dept. of Corrections)

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 1. | 6-4-75 | | 75-G-78 | S.D. Tex. Galv. Div. | Civil rights suit for $15,000 damages for slanderous statement | 6-4-75: Dismissed for failure to state a claim upon which relief can be granted; 11-24-75: Leave to appeal in forma pauperis denied by Fifth Circuit |
| 2. | 9-29-75 | | 75-G-132 | S.D. Tex. Galv. Div. | Civil rights suit seeking damages for interception of pltf.'s mail | Pending; 8-16-77: Transferred to S.D. Tex., Hou. Div. |

### ALBERT H. CARTER V. CALHOUN COLD STORAGE CO.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 3. | 10-22-71 | | 888,172 | 80th Dist. Court, Harris County, Tex. | To recover $10,503.20 for negligence in cold storage of candy & candles by deft. in 1971 | 4-27-72: Pltf.'s Motion for Summary Judgment denied; 5-7-75: Dismissed for want of prosecution |
| 4. | 11-20-75 | Carter v. Texas Agribusiness Co., successor in interest of Calhoun Cold Storage Co. | 75-H-1992 | S.D. Tex. Hou. Div. | Diversity action to recover $16,983.31 for negligence in cold storage of candy & candles by deft. in 1971 | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |

## ALBERT H. CARTER V. CHIPPER'S NUT HUT, INC.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 5. | 7-7-71 | | 877,080 | 80th Dist. Court, Harris County, Tex. | To recover $7,850.00: Salary = 5,500.00; Goods sold= 1,809.56; Misc. = 540.44 | Pltf. serves Tex. Secretary of State (long arm statute); 11-2-71: Default judgment granted for $7,850 |
| 6. | 9-24-71 | | 71-H-1039 | S.D. Tex. Hou. Div. | To recover $10,160 as compensation for services rendered & expenses | 7-21-72: Notice of voluntary dismissal |
| 7. | 1-11-72 | | 200,560 | County Civil Court #2, Harris County, Tex. | To recover $505.16 for services rendered & unpaid commissions | Pltf. serves Tex. Secretary of State (long arm statute); 4-19-72: Default judgment granted for $505.16 |
| 8. | 8-1-72 | | 56,541B | 23rd Dist. Court, Brazoria County, Tex. | To recover $1,800 for goods sold | Pltf. serves Tex. Secretary of State (long arm statute); 11-8-76: Dismissed for lack of prosecution |
| 9. | 8-4-72 | | 915,948 | 190th Dist. Court, Harris County, Tex. | To recover $1,800 for goods sold | 7-12-76: Dismissed for lack of prosecution |

ALBERT H. CARTER V. CHIPPER'S NUT HUT, INC.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 10. | 10-6-74 | | 74-H-1396 | S.D. Tex. Hou. Div. | To enforce state court judgment for $505.16 (See Case List No. 7) | 10-16-74: Dismissed for lack of jurisdictional amount under 28 USC 1332 |
| 11. | 4-11-75 | | CV 75-1256 | M.D. Calif. L.A. Div. | To enforce state court judgment for $505.16 (See Case List No. 7) | 4-29-75: Dismissed for lack of jurisdictional amount under 28 USC 1332 |
| 12. | 8-8-75 | | CV 75-2670 | M.D. Calif. L.A. Div. | To recover $10,155.16 as compensation for services rendered & expenses | 11-11-75: Dismissed for lack of prosecution |
| 13. | 1-8-76 | | CV 76-89-ALS | M.D. Calif. L.A. Div. | To recover $10,155.16: 7,850.00 505.16 1,800.00 | 6-30-77: Dismissed, based on duplication of claims in attempt to meet $10,000 jurisdictional requirement of 28 USC 1332; 9-9-77: Order entered dismissing appeal |
| 14. | 1-6-77 | | G-77-8 | S.D. Tex. Galv. Div. | To recover $10,155.16: 7,850.00 505.16 1,800.00 | 3-29-77: Pltf. ordered to pay filing & service fees within 20 days; 4-12-77: Pltf.'s motion for clarification filed; 10-26-77: Pltf.'s suggestion of involuntary dismissal for want of jurisdiction filed |

ALBERT H. CARTER V. HORACE G. COOK (Professional bail bondsman)

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 15. | 12-22-71 | | 893,611 | 164th Dist. Court, Harris County, Tex. | Removal of cloud from property title & $11,585 damages | 1-20-72: Pauper status denied; pltf. ordered to pay filing fee; 4-7-75: Dismissed for lack of prosecution |
| 16. | 5-10-73 | | 73-H-605 | S.D. Tex. Hou. Div. | Civil rights action challenging lien on pltf.'s property & seeking $488 damages | 5-10-73: Dismissed for failure to state a claim upon which relief can be granted; 10-1-74: Aff'd, 502 F.2d 1165 (5th Cir.), cert. denied, 419 U.S. 1093 (1974) |
| 17. | 10-24-74 | | 251,693 | Harris County Court of Law #3, Harris County, Tex. | To remove lien on pltf.'s property after bail bond forfeiture & seeking $3,488 damages | 11-22-74: Pauper status denied; pltf. ordered to pay filing fee; 6-7-75: Pltf. files nonsuit |
| 18. | 6-9-75 | | 1,029,500 | 215th Dist. Court, Harris County, Tex. | To remove lien on pltf.'s property after bail bond forfeiture & to recover $10,488 damages | Pending |
| 19. | 5-25-76 | | 76-H-863 | S.D. Tex. Hou. Div. | Diversity action to recover $10,488 due to lien on pltf.'s property for bail bond forfeiture | 12-3-76: Pauper status denied; 2-28-77: Pltf.'s motion for voluntary dismissal without prejudice granted |

ALBERT H. CARTER V. DIRECTOR, TEXAS DEPT. OF CORRECTIONS (Estelle/Beto)

HABEAS CORPUS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 20. | 11-1-71 | Carter v. George J. Beto | 71-H-1206 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging validity of 1969 embezzlement conviction | 10-17-72: Dismissed for failure to exhaust state remedies; 4-9-73: Aff'd, 474 F.2d 1344 (5th Cir. 1973) |
| 21. | 8-16-72 | Carter v. Beto | 72-H-1109 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging constitutionality of Art. 11.07, Texas Penal Code | 12-3-76: Pauper status denied; 12-30-76: Notice of dismissal filed |
| 22. | 6-1-73 | Carter v. W. J. Estelle, Jr. | 73-H-732 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging validity of 1969 & 1972 embezzlement convictions & enhancement sentence under habitual criminal statute | 3-24-75: Voluntary dismissal without prejudice granted pltf. |
| 23. | 12-3-74 | Carter v. Estelle | 74-H-1603 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging validity of 1972 embezzlement conviction & enhancement sentence under habitual criminal statute | Pending |

ALBERT H. CARTER V. DIRECTOR, TEXAS DEPT. OF CORRECTIONS (Estelle/Beto)

HABEAS CORPUS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 24. | 2-19-75 | Carter v. Billy G. McMillan & Estelle | 75-H-308 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging denial of good time | 2-19-75: Dismissed for failure to exhaust state remedies |
| 25. | 1-7-76 | Carter v. Estelle | 76-H-19 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus asserting denial of good time | Pending |
| 26. | 1-21-76 | Carter v. Estelle, Oscar Savage & Robert Beam | 76-H-130 | S.D. Tex. Hou. Div. | Civil rights action alleging that defts. prevented pltf. from enrolling in college program at the TDC | 12-3-76: Pauper status denied; 12-30-76: Pltf.'s motion to dismiss without prejudice granted |
| 27. | 2-19-76 | Carter, et al v. Estelle | TY-76-73-CA | E.D. Tex. Tyler Div. | Class petition for writ of habeas corpus alleging that life sentences for certain prisoners are unwarranted in view of type of crime committed | 8-6-76: Dismissed for failure to exhaust state remedies; 1-6-77: Aff'd, 544 F.2d 1245 (5th Cir. 1977) |

ALBERT H. CARTER V. DIRECTOR, TEXAS DEPT. OF CORRECTIONS (Estelle/Beto)

CIVIL RIGHTS, ETC.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 28. | 8-3-72 | Carter v. Beto | 72-G-120 | S.D. Tex. Galv. Div. | Civil rights class action for monetary & injunctive relief requiring director to correct & amend pltf.'s records & to amend Point Incentive Program for all pltfs. | Pending; 3-30-77: Transferred to S.D. Tex., Hou. Div. |
| 29. | 2-20-75 | Carter v. Estelle | 75-H-314 | S.D. Tex. Hou. Div. | Civil rights action to recover $1,427.75 for personal property confiscated or lost | 2-28-75: Dismissed for failure to state a claim upon which relief can be granted; 9-24-75: Reversed, 519 F.2d 1136 (5th Cir. 1975); 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |
| 30. | 7-1-75 | Carter v. Wilbur Wallace & Estelle | 75-G-89 | S.D. Tex. Galv. Div. | Civil rights suit for being falsely accused of misconduct & being punished by solitary confinement on reduced rations | Pending 8-25-77: Transferred to S.D. Tex., Hou. Div. |
| 31. | 8-13-75 | Carter v. McMillan, Estelle & Savage | 75-H-1402 | S.D. Tex. Hou. Div. | Challenges assignment to field labor & refusal to restore administrative job assignment in retaliation for civil rights suit | 12-3-76: Pauper status denied; 2-28-77: Voluntary dismissal without prejudice granted |

ALBERT H. CARTER V. DIRECTOR, TEXAS DEPT. OF CORRECTIONS (Estelle/Beto)

CIVIL RIGHTS, ETC.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 32. | 9-4-75 | Carter v. Estelle | 75-H-1514 | S.D. Tex. Hou. Div. | Civil rights action complaining of point incentive program & seeking equitable relief | 12-3-76: Pauper status denied; 12-30-76: Voluntary dismissal without prejudice granted |
| 33. | 9-29-75 | Carter v. Savage, Grady Stricklin, Sammy C. Lanham, Cephus D. Burson, W.S. Bouldin, Estelle, George Foster, Chester Jones, Rickey Bryant & Ray Rayfield | 75-H-1679 | S.D. Tex. Hou. Div. | Civil rights action alleging that defts. physically assaulted & punished pltf. without justification | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |
| 34. | 1-14-76 | Carter, et al v. Estelle, Beto & Savage | TY-76-13-CA (76-H-1342) | E.D. Tex. Tyler Div. (S.D. Tex., Hou. Div.) | Civil rights class action alleging that prisoners are unlawfully denied legal assistance from other prisoners | 8-10-76: Transferred to S.D. Tex., Hou. Div. as 76-H-1342; 12-3-76: Pltf.'s pauper status denied; 3-7-77: Pltf. dismissed from suit for failure to pay filing & service fees |
| 35. | 4-27-76 | Carter, Montgomery, et al v. Estelle | 76-H-704 | S.D. Tex. Hou. Div. | Civil rights class action alleging that deft. employs an arbitrary & capricious method of assigning inmates to the various TDC units | 12-3-76: Pauper status denied; 12-30-76: Voluntary dismissal without prejudice granted |

ALBERT H. CARTER V. DIRECTOR, TEXAS DEPT. OF CORRECTIONS (Estelle/Beto)

CIVIL RIGHTS, ETC.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 36. | 4-27-76 | Carter, et al v. Estelle | 76-H-705 | S.D. Tex. Hou. Div. | Class action seeking injunctive relief & damages because TDC cells are too small resulting in cruel & unusual punishment | 12-3-76: Pauper status denied; 12-30-76: Voluntary dismissal without prejudice granted |
| 37. | 5-14-76 | Carter v. Estelle | 76-H-814 | S.D. Tex. Hou. Div. | Civil rights action contending that erroneous information as to pltf.'s personal background is recorded in prison records, which is prejudicial to him with regard to his status as a prisoner | 12-3-76: Pauper status denied; 12-30-76: Dismissed for failure to pay filing & service fees |
| 38. | 6-2-76 | Carter & William M. Houser v. Estelle | 76-H-908 | S.D. Tex. Hou. Div. | Civil rights action attacking certain TDC rules & regulations as invalid | 12-3-76: Pauper status denied; 12-30-76: Dismissed for failure to pay filing & service fees |
| 39. | 2-17-77 | Carter v. Estelle, Paul Cromwell, Chrmn., Tex. Bd. of Pardons & Paroles & Wilson Spier, Director, Tex. Dept. of Public Safety | A-77-CA-31 | W.D. Tex. Austin Div. | Action filed in forma pauperis to declare certain criminal convictions invalid & to expunge these convictions & other derogatory information from the official state records of the State of Texas | Pending |

ALBERT H. CARTER V. HARRIS COUNTY, TEXAS, SHERIFF (C.V. Kern & Jack Heard)

## HABEAS CORPUS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 40. | 4-24-71 | Carter v. Kern | 71-H-461 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging validity of 1969 embezzlement conviction | 6-18-71: Dismissed for failure to exhaust state remedies |
| 41. | 11-6-73 | Carter v. Kern | 73-H-1520 | S.D. Tex. Hou. Div. | Petition for writ of habeas corpus challenging validity of 1972 embezzlement conviction & enhancement of sentence | 11-6-73: Dismissed for failure to exhaust state remedies |

## CIVIL RIGHTS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 42. | 3-18-72 | Carter v. Kern | 72-H-344 | S.D. Tex. Hou. Div. | Civil rights action for loss of watch & money due to inadequate supervision ($825) | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |
| 43. | 1-1-74 | Carter v. Heard | 74-H-42 | S.D. Tex. Hou. Div. | Civil rights action for loss of clothing & law books due to inadequate supervision ($502) | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |
| 44. | 9-12-74 | Carter v. Heard & Clarence W. Rust | 74-H-1260 | S.D. Tex. Hou. Div. | Civil rights action for conspiracy to deny pltf. jail privileges ($100,000) | 12-3-76: Pauper status denied; 1-31-77: Voluntary dismissal without prejudice granted |

ALBERT H. CARTER V. HARRIS COUNTY, TEXAS, SHERIFF (C.V. Kern & Jack Heard)

CIVIL RIGHTS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 45. | 3-18-75 | Carter v. Heard, Rust & Robert Brackenridge | 75-H-438 | S.D. Tex. Hou. Div. | Civil rights action for loss of books & papers due to inadequate supervision ($3,440.50) | 12-3-76: Pauper status denied; 1-31-77: Voluntary dismissal without prejudice granted |
| 46. | 6-16-76 | Carter v. Heard | 76-H-983 | S.D. Tex. Hou. Div. | Civil rights action to enjoin execution on $300 default judgment obtained against pltf. in state court | 6-16-76: Dismissed for failure to state a claim upon which relief can be granted |
| 47. | 6-16-76 | Carter v. Heard | 76-H-985 | S.D. Tex. Hou. Div. | Civil rights action to enjoin execution on $569.75 default judgment obtained against pltf. in state court | 7-23-76: Dismissed for failure to state a claim upon which relief can be granted |

ALBERT H. CARTER V. RAY HARDY, DISTRICT COURT CLERK, HARRIS COUNTY, TEXAS

HABEAS CORPUS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 48. | 3-20-75 | | 75-H-447 | S.D. Tex. Hou. Div. | Habeas corpus action challenging validity of three misdemeanor convictions for passing of worthless checks & the guilty pleas entered therein | 1-29-76: Pltf.'s notice of dismissal filed |

965

ALBERT H. CARTER V. RAY HARDY, DISTRICT COURT CLERK, HARRIS COUNTY, TEXAS

## HABEAS CORPUS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 49. | 6-25-75 | | 75-H-1111 | S.D. Tex. Hou. Div. | Habeas corpus action challenging validity of 3 misdemeanor convictions for passing of worthless checks & the guilty pleas entered therein | 12-23-75: Motion to convert to civil rights action to expunge records of conviction; 3-18-76: Dismissed in light of Fifth Circuit opinion in Carter v. Hardy, 526 F.2d 314 (5th Cir. 1976) (Case List No. 54); 4-5-77: Aff'd (unpublished slip op. no. 76-3376) |

## CIVIL RIGHTS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 50. | 2-8-72 | | 72-H-90 | S.D. Tex. Hou. Div. | Civil rights action alleging that because deft. contested pltf.'s pauper status in several suits & was sustained, pltf. was deprived of access to court & deprived of $298,419.60 | 2-16-72: Dismissed for failure to state a claim upon which relief can be granted; 8-28-72: A'ffd (unpublished slip op. no. 72-2098) |
| 51. | 8-1-73 | | 73-H-1073 | S.D. Tex. Hou. Div. | Civil rights action alleging that deft. successfully contested pltf.'s pauper status but did not dismiss cases as was the custom | 10-30-73: Deft.'s motion for summary judgment granted |
| 52. | 8-9-73 | | 73-H-1121 | S.D. Tex. Hou. Div. | Civil rights action (construed as mandamus petition) to require clerk to supply transcript of criminal proceeding to indigent pltf. | 8-9-73: Dismissed on grounds that federal court has no mandamus power over state courts or officials; 8-1-74: Aff'd (unpublished slip op. no. 74-2212) |

ALBERT H. CARTER V. RAY HARDY, DISTRICT COURT CLERK, HARRIS COUNTY, TEXAS

CIVIL RIGHTS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 53. | 4-19-74 | | 74-H-538 | S.D. Tex. Hou. Div. | Civil rights action to declare Art. 567b of the Texas Penal Code unconstitutional & ordering deft. to expunge pltf.'s bad check convictions under this statute in 1963 & 1965 from his record | 9-27-74: Dismissed for failure to exhaust state remedies; 12-6-76: Fifth Circuit affirms dismissal, 543 F.2d 555 (5th Cir. 1976), on the basis of its opinion in Carter v. Hardy, 526 F.2d 314 (5th Cir. 1976) (Case List No. 54) |
| 54. | 6-27-75 | | 75-H-1136 | S.D. Tex. Hou. Div. | Civil rights action (construed as a mandamus petition) to require clerk to expunge pltf.'s bad-check convictions in 1963 & 1965 from his record | 6-27-75: Dismissed on grounds that federal court has no mandamus power over state courts or officials; 1-23-76: Aff'd on other grounds, 526 F.2d 314 (5th Cir. 1976) |
| 55. | 3-19-76 | | 76-H-458 | S.D. Tex. Hou. Div. | Civil rights action alleging that deft. caused 3 actions to be dismissed for lack of prosecution without notice | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |
| 56. | 6-23-76 | | 76-H-1044 | S.D. Tex. Hou. Div. | Action seeking equitable relief to set aside court order overturning prior judgment for pltf. in Carter v. Telectron, No. 935,762, 80th Judicial Dist. Court, Harris County, Tex., (Case List No. 102) | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |

ALBERT H. CARTER V. JOHN HILL, TEXAS ATTORNEY GENERAL

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 57. | 12-29-72 | Carter, et al v. Hill | 72-H-1709 | S.D. Tex. Hou. Div. | Class action for declaratory relief challenging validity of Art. 1176a, Texas Penal Code | 12-29-72: Dismissed for failure to state a cause of action under the civil rights act; 6-20-73: Aff'd, 480 F.2d 922 (5th Cir. 1973) |
| 58. | 7-5-73 | | 73-H-936 | S.D. Tex. Hou. Div. | Class action for declaratory relief challenging constitutionality of Art. 63, Texas Penal Code | 9-10-73: Dismissed without prejudice so that it may be re-filed as habeas corpus action; 7-24-74: Appeal dismissed |
| 59. | 6-27-75 | Carter v. Hill, Larry F. York, Joe B. Dibrell, Lonny F. Zweiner, Harrell Moore, Estelle, Dan V. McKaskle, John L. McClintic, Paul I. Biscoe & Wm. Maggard | 75-H-1134 | S.D. Tex. Hou. Div. | Civil rights action alleging that defts. misrepresented facts to the court in connection with their answers filed in 3 causes of action brought by pltf. & that defts. retaliated for pltf.'s access to court | 12-3-76: Pauper status denied; 12-30-76: Pltf.'s notice of dismissal filed |
| 60. | 6-27-75 | Carter v. Hill, et al (Same as defts. in Case List No. 59) | 75-H-1140 | S.D. Tex. Hou. Div. | (Same as Case List No. 59) | 11-14-75: Consolidated w/75-H-1134, Case List No. 59; 12-3-76: Pauper status denied; 12-30-76: Pltf.'s notice of dismissal filed |

ALBERT H. CARTER V. GEORGE LARKIN, CONSTABLE, PRECINCT NO. 2, HARRIS COUNTY, TEXAS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 61. | 10-3-69 | | 69-H-960 | S.D. Tex. Hou. Div. | Challenges constitutionality of state statutes governing sequestration in connection with seizure of air conditioner (see "Masco Mechanical Contractors" actions, Case List Nos. 63-67) | 3-26-70: Judgment entered on behalf of defts. on grounds that pltf. has adequate remedy at law in state courts |
| 62. | 11-12-73 | | 73-H-1546 | S.D. Tex. Hou. Div. | Civil rights action challenging seizure of air conditioner ($10,532) | 2-8-74: Dismissed on grounds of res judicata (identical to Case List No. 61 |

ALBERT H. CARTER V. MASCO MECHANICAL CONTRACTORS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 63. | 12-22-71 | | 893,617 | 61st Dist. Court, Harris County, Tex. | Deft. removed air conditioner from house, injured property & made house unlivable for 6 days ($1,058.50) | 1-20-72: Pauper status denied; 4-23-73: Pltf. filed nonsuit |
| 64. | 1-14-72 | | 200,756 | Harris County Court of Law #2 | Bill of Review of $569.75 judgment entered on 10-27-71 in favor of deft. in Masco Mechanical Contractors v. Carter, No. 173,650, Harris County Court of Law No. 2 | 10-4-72: Bill of Review denied & case dismissed; pltf. ordered to pay costs 4-6-73: Aff'd by Tex. Court of Civil Appeals |

## ALBERT H. CARTER V. MASCO MECHANICAL CONTRACTORS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 65. | 3-6-72 | | 55,798D | 130th Dist. Court, Brazoria County, Tex. | To recover $1,058.50 for damages in connection with removal of air conditioner, $569.75 to counterbalance default judgment granted deft. & $10,000 punitive damages | Pltf. serves Texas Secretary of State (long arm statute); 10-26-72: Default judgment for $1,628.25 granted |
| 66. | 3-18-72 | Carter v. R.E. Turrentine | 72-H-345 | S.D. Tex. Hou. Div. | Civil rights action seeking injunction & declaratory judgment that judgment rendered against pltf. in Masco Mechanical Contractors v. Carter, No. 173,650, Harris County Court at Law No. 2, is null & void | 12-3-76: Pauper status denied; 2-28-77: Pltf.'s motion to dismiss granted |
| 67. | 5-28-75 | | 75-H-833 | S.D. Tex. Hou. Div. | Seeking declaratory relief to invalidate 10-27-71 judgment for $569.75 entered in favor of deft. in Masco Mechanical Contractors v. Carter, No. 173,650, Harris County Court of Law No. 2 | 5-28-75: Dismissed; 5-4-76: Aff'd (unpublished slip op. no. 75-4382) |

## ALBERT H. CARTER V. THE MONEY TREE CO.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 68. | 8-30-71 | | 71-H-943 | S.D. Tex. Hou. Div. | To collect $10,551 for unpaid salaries & expenses | 5-12-73: Dismissed for lack of jurisdiction over deft.--use of long arm service on the deft. declared inadequate |
| 69. | 12-22-71 | | 893,613 | 189th Dist. Court, Harris County, Tex. | To recover $16,300 for unpaid salaries & expenses | 1-10-72: Pauper status denied; 3-12-73: Voluntary dismissal granted pltf. |

ALBERT H. CARTER V. THE MONEY TREE CO.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 70. | 2-14-72 | | 55,692D | 130th Dist. Court Brazoria County, Tex. | To recover $16,300 for unpaid salaries & expenses | Pltf. serves Texas Secretary of State (long arm statute); 10-16-72: Default judgment granted; 6-18-73: Judgment set aside for lack of personal jurisdiction over deft. (see Supplemental File, Exhibit N); 1-9-74: Aff'd, 504 S.W. 783 (Tex. Civ. App.--Houston [14th Dist.]), cert. denied, 419 U.S. 865 (1974) |
| 71. | 9-13-72 | | 919,809 | 190th Dist. Court, Harris County, Tex. | To recover $16,300 for unpaid salaries & expenses, $10,000 for libel & slander & $25,000 punitive damages | 10-31-72: Pauper status denied 4-24-73: Pltf. files nonsuit |
| 72. | 11-28-72 | | 72-G-218 | S.D. Tex. Galv. Div. | To recover $16,300 judgment awarded by the 130th Dist. Court of Brazoria County on 10-16-72 in Case List No. 70 | 1-28-74: Dismissed in light of fact that default judgment sued upon subsequently set aside by 130th Dist. Court in Case List No. 70 and that claim is frivolous; 9-25-74: Aff'd, 502 F.2d 783 (5th Cir. 1974), cert. denied, 419 U.S. 1115 (1975) |
| 73. | 10-16-74 | Carter v. Francis Bennett, Dist. Clerk, Brazoria County, Tex. | 74-G-184 | S.D. Tex. Galv. Div. | To order deft. to set aside an order & judgment entered by the 130th Dist. Court, Harris County, Tex., in Case List No. 70 | 10-16-74: Dismissed on grounds that federal courts have no general authority to order the relief sought; 2-10-75: Fifth Circuit denies leave to appeal in forma pauperis |
| 74. | 1-22-75 | | 4-75 Civ. 33 | D. Minn. | To recover for denial of due process of law in setting aside of default judgment in Case List No. 70 | 7-30-75: Dismissed on grounds of res judicata in light of disposition in Case List No. 72; 3-24-76: Aff'd, 532 F.2d 113 (8th Cir.), cert. denied, 426 U.S. 925 (1976) |

ALBERT H. CARTER V. JOE MOSS, ASSISTANT DISTRICT ATTORNEY

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 75. | 5-28-75 | | 75-H-834 | S.D. Tex. Hou. Div. | Civil rights action to recover $250,000 for slanderous statements | 5-28-75: Dismissed for failure to state a claim upon which relief may be granted; 4-22-76: Aff'd, 531 F.2d 573 (5th Cir. 1976) |
| 76. | 6-23-76 | | 76-H-1036 | S.D. Tex. Hou. Div. | Diversity action to recover $250,000 for slanderous statements | Pending |

ALBERT H. CARTER V. ANTHONY PARKER, OWNER, PARKER'S SERVICE STATION

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 77. | 1-27-64 | | 635,849 | 151st Dist. Court, Harris County, Tex. | Action for false arrest & malicious prosecution | 2-3-64: Pauper status denied 6-15-65: Dismissed for want of prosecution |
| 78. | 1-29-65 | | 663,585 | 127th Dist. Court Harris County, Tex. | Action for false arrest & malicious prosecution | 6-8-65: Pltf.'s motion for dismissal with prejudice granted |

ALBERT H. CARTER V. RAY RACCA (Potential purchaser in 1972 of realty owned by pltf.)

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 79. | 11-14-72 | | 215,325 | Harris County Court of Law No. 1 | Action alleging that deft. wrongfully stopped payment on $25 check | 12-8-72: Nonsuit for pltf. granted |
| 80. | 12-29-72 | | 929,501 | 125th Dist. Court, Harris County, Tex. | Action to recover $15,000 for annoyance from bill collection methods | 6-4-74: Pauper status denied; 7-1-75: Pauper status granted; 4-5-77: Dismissed for want of prosecution |

ALBERT H. CARTER V. SAM ROBERTSON, ASSISTANT DISTRICT ATTORNEY, HARRIS COUNTY, TEXAS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 81. | 10-22-74 | | 74-H-1424 | S.D. Tex. Hou. Div. | Civil rights action alleging that deft. deprived him of a fair trial by the making of a false statement to the jury ($300,000) | 10-22-74: Dismissed for failure to state a claim upon which relief can be granted; 2-5-75: Fifth Circuit denies leave to appeal in forma pauperis |
| 82. | 6-23-76 | | 76-H-1038 | S.D. Tex. Hou. Div. | Diversity action to recover $500,000 for making of libelous & slanderous statements | 12-3-76: Pauper status denied; 12-30-76: Pltf.'s motion for dismissal without prejudice granted |

ALBERT H. CARTER V. SAVIN BUSINESS MACHINE CO.
& LARRY BROWN, REGIONAL MANAGER OF SAVIN BUSINESS MACHINE CO.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 83. | 1-24-64 | Carter v. Savin Business Machine Co. & Larry Brown | 635,728 | 151st Dist. Court, Harris County, Tex. | To recover $60,300 for false arrest & malicious prosecution | 2-3-64: Pauper status denied; 6-15-65: Dismissed for lack of prosecution |
| 84. | 11-18-64 | Carter v. Savin Business Machine Co., Larry Brown & Billy Brown | 131,041 | Harris County Court of Law #1 | Suit to foreclose laborers lien based on services rendered & unpaid | 1-31-66: Summary judgment for $400 granted pltf. |
| 85. | 1-29-65 | Carter v. Savin Business Machine Co. & Larry Brown | 663,573 | 157th Dist. Court, Harris County, Tex. | Suit to recover for false arrest & malicious prosecution | 5-17-65: Pltf.'s motion to dismiss with prejudice granted |
| 86. | 11-19-65 | Carter v. Savin Business Machine Co., Tex. Employment Comm. & Neptune Meter Co. | 138,672 | Harris County Court of Law #1 | To recover unemployment commissions wrongfully denied | 4-11-66: Dismissed for lack of jurisdiction |

**ALBERT H. CARTER V. SAVIN BUSINESS MACHINE CO.**
**& LARRY BROWN, REGIONAL MANAGER OF SAVIN BUSINESS MACHINE CO.**

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 87. | 2-4-66 | Carter v. Savin Business Machine Co. & Larry Brown | 693,560 | 157th Dist. Court, Harris County, Tex. | Bill of review alleging that pltf.'s motion for dismissal in Case List No. 85 was filed under duress | 5-6-68: Dismissed for lack of prosecution |
| 88. | 3-28-66 | Carter v. Savin Business Machine Co. | 134,577 | Harris County Court of Law #1 | Suit to foreclose laborer's lien based on services rendered and unpaid | 1-13-66: Consolidated with Case List No. 84 |

**ALBERT H. CARTER V. SIMONIZ CO.**

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 89. | 4-28-67 | | 732,072 | 125th Dist. Court, Harris County, Tex. | Suit to recover $1,459.77 for unpaid salary & expenses | 8-21-69: Joint motion for dismissal granted (settlement) |
| 90. | 5-16-68 | | 161,865 | Harris County Court of Law #1 | Suit to recover $890 for unpaid salary & expenses | 8-21-69: Joint motion for dismissal granted (settlement) |

**ALBERT H. CARTER V. STATE DISTRICT JUDGES, HARRIS COUNTY, TEXAS**

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 91. | 9-20-71 | Carter v. E.B. Duggan & Wm. Hatten | 71-H-1005 | S.D. Tex. Hou. Div. | Action seeking damages & injunctive relief against two state district judges for their actions in certain state criminal prosecutions of pltf. | 10-5-71: Dismissed for failure to utilize & exhaust state remedies; 4-28-72: Aff'd, 455 F.2d 1156 (5th Cir. 1972) |

ALBERT H. CARTER V. STATE DISTRICT JUDGES, HARRIS COUNTY, TEXAS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 92. | 12-26-74 | Carter, et al v. Garth Bates, et al (all State district judges of Harris County, Tex.) | 74-H-1686 | S.D. Tex. Hou. Div. | Civil rights action challenging refusal of state district courts to grant hearing on post-conviction habeas corpus applications | 12-26-74: Dismissed for failure to state a claim upon which relief can be granted; 5-21-75: Fifth Circuit denies leave to appeal in forma pauperis |
| 93. | 1-17-75 | Carter v. George Walker & James Neff | 75-H-105 | S.D. Tex. Hou. Div. | Civil rights action challenging state criminal convictions of pltf. notwithstanding pltf.'s petition for removal to federal court (Case List No. 179) | 1-17-75: Dismissed for failure to state a claim upon which relief can be granted |
| 94. | 2-19-76 | Carter v. George Walker & James Neff | B-76-73-CA | E.D. Tex. Beaumont Div. | Civil rights action challenging state criminal conviction of pltf. notwithstanding pltf.'s petition for removal to federal court (Case List No. 178) | 8-20-76: Dismissed; 1-5-77: Fifth Circuit denies leave to appeal in forma pauperis |
| 95. | 4-27-76 | Carter &. Wm. M. Houser v.George Walker, et al (all State district judges of Harris County, Tex.) | 76-H-706 | S.D. Tex. Hou. Div. | Civil rights action challenging refusal of state district courts to grant hearings on post-conviction habeas corpus applications | 5-24-76: Dismissed for failure to state a claim upon which relief can be granted; 1-12-77: Aff'd (unpublished slip op. no. 76-2773) |
| | | ALBERT H. CARTER V. TELECTRON, INC., & CERTAIN OFFICERS & EMPLOYEES | | | | |
| 96. | 8-30-71 | Carter v. Telectron | 71-H-944 | S.D. Tex. Hou. Div. | To recover $45,307.74 for wages, expenses & goods sold | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |

ALBERT H. CARTER V. TELECTRON, INC., & CERTAIN OFFICERS & EMPLOYEES

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 97. | 2-14-72 | Carter v. Telectron | 55,693A | 149th Dist. Court, Brazoria County, Tex. | To recover $48,116.75 for wages, expenses & goods sold | 10-23-75: Nonsuit granted pltf. |
| 98. | 6-7-72 | Carter V. Telectron | 910,105 | 190th Dist. Court, Harris County, Tex. | To recover $110,000 for false testimony by deft.'s employees & $48,116.35 for unpaid wages & expenses | 7-12-76: Dismissed for want of prosecution |
| 99. | 6-13-72 | Carter v. Telectron | 56,298A | 149th Dist. Court, Brazoria County, Tex. | To recover $110,000 for false testimony by deft.'s employees | 5-5-75: Nonsuit granted pltf. |
| 100. | 11-2-72 | Carter v. Telectron, Andrew Dolce, Richard Sandstrom & Frederick Wagner | 72-H-1480 | S.D. Tex. Hou. Div. | To recover $10,000,000 for conspiracy to wrongfully convict pltf. | 11-2-72: Dismissed for failure to state a claim upon which relief can be granted; 7-6-73: Aff'd, 480 F.2d 922 (5th Cir. 1973) |
| 101. | 2-15-73 | Carter v. Telectron | 57,469B | 23rd Dist. Court, Brazoria County, Tex. | To recover $24,485.87 for goods sold | 5-21-73: Nonsuit granted pltf. |
| 102. | 3-5-73 | Carter v. Telectron | 935,762 | 80th Dist. Court, Harris County, Tex. | To recover $22,475.87 for goods sold | 1-6-75: Default judgment for pltf. set aside on deft.'s motion; 3-4-77: Pltf. ordered to show cause why case should not be dismissed for want of prosecution; 3-22-77: Pltf. files response to show cause order |

ALBERT H. CARTER v. TELECTRON, INC., & CERTAIN OFFICERS & EMPLOYEES

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 103. | 8-15-74 | Carter, individually & as guardian of 6 minor children v. Telectron, Dolce, Sandstrom & Wagner | 74-G-136 | S.D. Tex. Galv. Div. | To recover damages of $8,302,000 for conspiracy to wrongfully convict pltf. | 8-16-74: Dismissed for failure to state a claim upon which relief can be granted |
| 104. | 4-22-75 | Carter, et al (his 6 children) v. Telectron Dolce, Sandstrom & Wagner | SA 75-CA-96 | W.D. Tex. San Antonio Div. | To recover damages of $8,342,000 for conspiracy to wrongfully convict, pltf. | 9-17-75: Dismissed; 5-21-76: Aff'd, 532 F.2d 1373 (5th Cir. 1976) |
| 105. | 4-28-75 | Carter v. Telectron | SA 75-CA-102 | W.D. Tex. San Antonio Div. | Civil rights action alleging that deft. unlawfully deprived him of his property in acting to set aside default judgment in Case List No. 102 | 9-17-75: Dismissed for failure to state a claim upon which relief can be granted; 7-1-77: Fifth Circuit orders that dismissal be without prejudice: 554 F.2d 1369 (5th Cir. 1977) |
| 106. | 10-28-76 | Carter, individually & in behalf of Nancy Carter v. Telectron, Dolce, Sandstrom & Wagner | 76-H-1780 | S.D. Tex. Hou. Div. | To recover damages of $6,600,000 for conspiracy to wrongfully convict pltf. | 12-3-76: Pauper status denied; 12-22-76: Notice of dismissal filed by pltf. |
| 107. | 1-6-77 | Carter, individually & in behalf of Nancy Carter v. Telectron, Dolce, Sandstrom & Wagner | G-77-9 | S.D. Tex. Galv. Div. | To recover damages of $7,000,000 for conspiracy to wrongfully convict pltf. | 3-29-77: Pltf. ordered to pay filing & service fees within 20 days; 4-12-77: Pltf.'s motion for clarification filed |

## ALBERT H. CARTER v. V. BAILEY THOMAS, CLERK, SOUTHERN DISTRICT OF TEXAS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 108. | 1-6-75 | Carter & Richard Chapman v. Thomas | 75-H-21 | S.D. Tex. Hou. Div. | Mandamus to compel deft. to file without delay all in forma pauperis petitions | 1-6-75: Dismissed for failure to state a claim upon which relief can be granted; 3-5-76: Reversed, 527 F.2d 1332 (5th Cir. 1976); 12-3-76: Pltf.'s pauper status denied; 3-3-77: Pltf. dismissed from suit for failure to pay filing & service fees |
| 109. | 6-20-75 | | 75-H-1072 | S.D. Tex. Hou. Div. | Mandamus to convene 3-judge court to determine constitutionality of $10,000 amount in controversy requirement for federal diversity jurisdiction | 6-20-75: Dismissed as frivolous |
| 110. | 8-31-76 | Carter, et al v. Thomas | 76-H-1446 | S.D. Tex. Hou. Div. | Mandamus class action challenging multiple federal court procedures | 12-3-76: Pltf.'s pauper status denied; 3-7-77: Pltf. dismissed from suit for failure to pay filing & service fees |
| 111. | 9-21-76 | | 76-H-1550 | S.D. Tex. Hou. Div. | Contends that deft. fails to enter default judgments without a court order | 12-3-76: Pauper status denied; 3-7-77: Dismissed for failure to pay filing & service fees |

### ALBERT H. CARTER V. UNITED STATES & ITS OFFICERS & OFFICIALS

**HABEAS CORPUS**

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 112. | 4-26-61 | Carter v. USA | 1754 | M.D. Ga. Macon Div. | Petition for writ of habeas corpus challenging pretrial confinement by United States | 5-1-61: Petition denied |

ALBERT H. CARTER V. UNITED STATES & ITS OFFICERS & OFFICIALS

HABEAS CORPUS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 113. | 11-5-64 | Carter v. USA | 831 | M.D. Ga. Albany Div. | Motion to vacate judgment of conviction for perjury in 1962 in Crim. No. 2158 | 11-5-64: Motion dismissed; pltf. denied leave to appeal in forma pauperis |
| 114. | 12-29-64 | Carter v. USA | 558 | M.D. Ga. Americus Div. | Motion to vacate judgment of conviction in 1961 in Crim. No. 1417 for unlawfully wearing a military uniform | 12-29-64: Motion dismissed; pltf. denied leave to appeal in forma pauperis |
| 115. | 7-1-69 | Carter v. USA | Crim. No. 2158 | M.D. Ga. Albany Div. | Motion to vacate judgment of conviction for perjury in 1962 in Crim. No. 2158 | 11-20-69: Motion dismissed, 319 F. Supp. 702; 1-14-71: Aff'd, 437 F.2d 444 (5th Cir. 1971), cert. denied, 403 U.S. 920 (1972) |
| 116. | 9-19-74 | Carter v. Saxbe | 74-H-1286 | S.D. Tex. Hou. Div. | Action to set aside 1962 federal perjury conviction, 18 USC 3758 | 9-19-74: Dismissed for lack of jurisdiction (proper court is court of conviction—M.D. Ga.); 12-11-74: Leave to appeal in forma pauperis is denied by 5th Cir. |
| 117. | 9-30-75 | Carter v. USA, Edward Levi & Walter F. Doyle | 75-H-1689 (75-0049) | S.D. Tex. Hou. Div. (M.D. Ga., Albany Div.) | Action to expunge all records of pltf.'s 1962 perjury conviction | 9-30-75: Transferred to M.D. Ga., Albany Div. as C.A. 75-0049; 1-13-76: Deft.'s motion to dismiss with prejudice filed; 1-19-76: Pltf.'s notice of dismissal without prejudice filed; 2-20-76: Deft.'s motion to dismiss with prejudice granted; 2-16-77: Remanded to enter dismissal without prejudice pursuant to pltf.'s notice of dismissal, 547 F.2d 258 (5th Cir. 1977) |

ALBERT H. CARTER V. UNITED STATES & ITS OFFICERS & OFFICIALS

**HABEAS CORPUS**

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 118. | 3-18-76 | Carter v. USA | Crim. No. 1417 | M.D. Ga. Americus Div. | Motion to vacate judgment of conviction in 1961 in Crim. No. 1417 for unlawfully wearing a military uniform | 3-18-76: Dismissed; 8-6-76: Aff'd per curiam (unpublished slip opinion) |
| 119. | 11-30-77 | Carter v. USA | H-77-1967 | S.D. Tex. Hou. Div. | Habeas corpus action to set aside conviction in 1961 in Crim. No. 1417 for unlawfully wearing a military uniform | Pending |

**DISCHARGE FROM UNITED STATES AIR FORCE**

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 120. | 5-1-61 | Carter v. Thomas White & 20 other named individuals | 1755 | M.D. Ga. Macon Div. | Charges unlawful & arbitrary discharge from U.S. Air Force | 8-16-61: Pltf. denied right to proceed in forma pauperis (see Supplemental File, Exhibit B); 9-18-61: Dismissed for failure to pay the costs of filing |
| 121. | 5-17-62 | Carter v. USA | 14,344 | S.D. Tex. Hou. Div. | Seeks access to military records bearing on involuntary discharge | 7-20-62: Dismissed for want of prosecution |
| 122. | 9-9-63 | Carter v. Eugene Zuckert | 63-G-63 (64-H-30) | S.D. Tex. Galv. Div. | Action for damages relating to discharge from Air Force & seeks reinstatement as Captain | 1-22-64: Transferred to Hou. Div. as 64-H-30; 12-23-68: Dismissed for lack of jurisdiction in light of identical action in the Court of Claims (Case List No. 123); 5-8-69: Aff'd, 411 F.2d 767 (5th Cir. 1969), cert. denied, 397 U.S. 941 (1970) |

ALBERT H. CARTER V. UNITED STATES & ITS OFFICERS & OFFICIALS

DISCHARGE FROM UNITED STATES AIR FORCE

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 123. | 4-19-66 | Carter v. USA | 127-66 | U.S. Court of Claims | Challenges validity of proceedings resulting in discharge from Air Force & seeks damages | 1-22-75: Judgment for pltf. entered 509 F.2d 1150 (1975), modified, 518 F.2d 1199, cert. denied, 423 U.S. 1076 (1976); 1-2-76: Trial division awards pltf. $5,486.76 as damages; 12-6-76: Pltf. paid $5,486.76 by Treasury check |
| 124. | 1-6-69 | Carter v. USA | 69-G-5 | S.D. Tex. Galv. Div. | Action for damages relating to discharge from Air Force | 3-3-69: Dismissed on grounds of statute of limitations & collateral estoppel in light of 63-G-63 (Case List No. 122) |
| 125. | 8-12-75 | Carter v. USA | 75-H-1392 | S.D. Tex. Hou. Div. | Claim for educational benefits due to change in military discharge status | 12-3-76: Pauper status denied; 12-30-76: Pltf.'s motion for voluntary dismissal granted |
| 126. | 2-4-76 | Carter v. Thomas Reed & USA | TY 76-56-CA | E.D. Tex. Tyler Div. | Challenges validity of proceedings resulting in general discharge from military & seeks damages | 4-28-76: Dismissed on grounds of improper venue |
| 127. | 2-4-76 | Carter v. USA | TY 76-57-CA | E.D. Tex. Tyler Div. | To recover damages for allowances denied pending involuntary discharge from Air Force | 5-5-76: Dismissed on grounds of improper venue |
| 128. | 3-12-76 | Carter v. Reed | 76-0413 (76-C-50) | D.D.C. (S.D. Tex., C.C. Div.) | Request for declaratory, injunctive & mandamus relief re Air Force regulations governing administrative proceedings resulting in less than honorable discharge | 4-1-76: Transferred to S.D. Tex., Corpus Christi Div., as 76-C-50; 4-20-77: Pltf. ordered to pay filing & services fees; 5-11-77: Pltf. pays fees per above order |

ALBERT H. CARTER V. UNITED STATES & ITS OFFICERS & OFFICIALS

## DISCHARGE FROM UNITED STATES AIR FORCE

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 129. | 6-10-76 | Carter v. Reed & USA | 76-1012 | D.D.C. | Action for expungement of certain Air Force records & seeking declaratory judgment & damages | 1-31-77: Judgment for pltf. ordering consideration of request for correction of records |
| 130. | 6-23-76 | Carter v. Reed | 76-H-1037 | S.D. Tex. Hou. Div. | Action challenging validity of general discharge from Air Force | 12-3-76: Pauper status denied 3-7-77: Dismissed for failure to pay filing & service fees |
| 131. | 6-25-76 | Carter v. USA | 76-1181 | D.D.C. | To recover damages stemming from discharge from Air Force | 8-4-77: Dismissed on grounds of res judicata in light of Case List Nos. 122-130 (see Supplemental File, Exhibit A) |

## UNITED STATES DISTRICT JUDGES

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 132. | 4-27-76 | Carter, et al v. Carl O. Bue, Jr., James Noel, Woodrow Seals & John V. Singleton, Jr., Judges, S.D. Tex., Hou. Div. | 76-H-707 | S.D. Tex. Hou. Div. | Mandamus action alleging conspiracy against indigent prisoners in their efforts to litigate | 12-3-76: Pauper status denied; 3-7-77: Dismissal for failure to pay filing & service fees |
| 133. | 10-8-76 | Carter, et al v. John V. Singleton, Jr., & class of all U.S. Dist. Judges | 76-H-1663 | S.D. Tex. Hou. Div. | Mandamus action based on routine failure of defts. to appoint counsel for indigent persons in non-habeas corpus actions | 12-3-76: Pltf.'s pauper status denied; 3-7-77: Pltf. dismissed from suit for failure to pay filing & service fees |

## MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 134. | 5-2-61 | Carter v. USA | 7593 | N.D. Ga. Atlanta Div. | To recover for personal property lost by prison authorities | 10-8-62: Dismissed ($100 settlement) |

ALBERT H. CARTER V. UNITED STATES & ITS OFFICERS & OFFICIALS

MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 135. | 6-1-76 | Carter & Wm. Houser v. Edward Levi | 76-H-900 | S.D. Tex. Hou. Div. | Mandamus class action regarding service of process fees in in forma pauperis suits | 6-24-76: Dismissed as moot on grounds that changes requested had been implemented |
| 136. | 10-8-76 | Carter & Donald Montgomery v. Edward Levi | 76-H-1655 | S.D. Tex. Hou. Div. | Challenges the constitutionality of federal firearms statutes which pertain to convicted felons | 12-3-76: Pltf.'s pauper status denied; 3-7-77: Pltf. dismissed from suit for failure to pay filing & service fees; 5-31-77: Case dismissed for lack of a case or controversy |
| 137. | 11-2-76 | Carter v. Wm. Simon | 76-2030 | D.D.C. | Mandamus compelling deft. to repay fine paid by pltf. in 1961 for unlawfully wearing a military uniform | 3-3-77: Dismissed for failure to satisfy the requirements for issuance of a mandamus |
| 138. | 1-6-77 | Carter v. Clarence Kelley & Wm. Simon | G-77-10 | S.D. Tex. Galv. Div. | Mandamus action commanding defts. to restore funds wrongfully seized | 3-29-77: Pltf. ordered to pay filing & service fees within 20 days; 4-12-77: Pltf.'s motion for clarification filed |
| 139. | 8-25-77 | Carter v. Griffin Bell, M.F. Rousseau & James A. Schlecht | 77-1468 (H-77-1714) | D.D.C. (S.D. Tex., Hou. Div.) | Mandamus action compelling defts. to effect service of process in Case List Nos. 138, 171 & 173 | 9-20-77: Transferred to S.D. Tex., Hou. Div., from District of Columbia |

ALBERT H. CARTER V. EDWARD WADSWORTH, CLERK, U. S. COURT OF APPEALS FOR THE FIFTH CIRCUIT

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 140. | 3-19-76 | | 76-H-457 | S.D. Tex. Hou. Div. | Mandamus class action seeking to compel deft. to properly file all mandamus petitions in forma pauperis | 12-3-76: Pauper status denied 2-28-77: Pltf.'s motion for dismissal without prejudice granted |
| 141. | 9-21-76 | | 76-H-1549 | S.D. Tex. Hou. Div. | Challenges failure of Circuit Clerk to file mandamus actions | 12-3-76: Pauper status denied; 3-7-77: Dism'd for failure to pay filing & service fees |

ALBERT H. CARTER V. J. WEINGARTEN'S, INC.

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 142. | 5-24-65 | | 672,692 | 61st Dist. Court Harris County, Tex. | To recover $50,000 for alleged false arrest on "hot check" charges | 5-24-65: Pauper status contested; 6-17-65: Pltf.'s motion for voluntary dismissal granted |
| 143. | 10-28-76 | | 76-H-1774 | S.D. Tex. Hou. Div. | To recover $25,000 for malicious prosecution on "hot check" charges | 12-3-76: Pauper status denied; 2-28-77: Pltf.'s motion for voluntary dismissal granted |

ALBERT H. CARTER - MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 144. | 4-10-61 | Carter v. Blakely Oil Co. | Misc. Docket No. 65 | D. Ariz. Phoenix Div. | Libel action | 6-16-61: Application to proceed in forma pauperis denied |
| 145. | 4-18-61 | Carter v. Donald C. Barrett | 9136 | W.D.N.Y. | (Unable to verify) | 4-18-61: Application to proceed in forma pauperis denied |
| 146. | 5-1-61 | Carter v. Neely Peacock, Jr. | 677 | M.D. Ga. Albany Div. | Libel & slander action | 8-16-61: Pltf. denied right to proceed in forma pauperis (see Supplemental File, Exhibit B); 9-18-61: Dismissed for failure to pay filing & service fees |

ALBERT H. CARTER — MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 147. | 5-1-61 | Carter v. Peter Van Wolveleard & Mary Van Wolveleard | 678 | M.D. Ga. Albany Div. | Libel & slander action | 8-16-61: Pltf. denied right to proceed in forma pauperis (see Supplemental File, Exhibit B); 9-18-61: Dismissed for failure to pay filing & service fees |
| 148. | 5-1-61 | Carter v. George Busbee | 679 | M.D. Ga. Albany Div. | Libel & slander action | 8-16-61: Pltf. denied right to proceed in forma pauperis (see Supplemental File, Exhibit B); 9-18-61: Dismissed for failure to pay filing & service fees |
| 149. | 5-1-61 | Carter v. Wm. Bolyard | 680 | M.D. Ga. Albany Div. | Libel & slander action | 8-16-61: Pltf. denied right to proceed in forma pauperis (see Supplemental File, Exhibit B); 9-18-61: Dismissed for failure to pay filing & service fees |
| 150. | Not filed | Carter v. Larry Brown & Copyright Systems of America, Inc. | Unnumbered | S.D. Tex. Hou. Div. | To recover for the filing of an allegedly false felony charge | 12-3-64: Permission to file in forma pauperis denied |
| 151. | 11-18-64 | Carter v. American Photocopy | 131,039 | County Court at Law #1, Harris County, Tex. | Foreclosure on laborer's lien of $187.14 for services rendered | 7-12-65: Settlement announced |
| 152. | 12-14-64 | Carter v. Dr. J. D. Harris, Warden | 15300-3 | W.D. Mo. | Petition for writ of habeas corpus | 2-8-65: Petition dismissed |
| 153. | 4-6-65 | Carter v. Dr. J. D. Harris, Warden | 15447-3 | W.D. Mo. | Petition for writ of habeas corpus | 5-13-65: Petition dismissed |

## ALBERT H. CARTER — MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 154. | 5-31-65 | Carter v. Handie Food Mart, Inc., | 673,276 | 125th Dist. Court, Harris County, Tex. | To recover $50,000 for false arrest on worthless check charge | 6-15-65: Pltf.'s motion to dismiss granted |
| 155. | 11-24-65 | Carter v. Associated Transfer & Storage Co., Charles Baulch & Monard Briggs | 687,741 | 125th Dist. Court, Harris County, Tex. | To recover $6,777.50 against moving company & deputy constables for negligence in moving & storage of pltf.'s personal property during July, 1962 | 2-26-66: Defts.' motion for summary judgment granted—pltf.'s action barred by statute of limitations; 12-29-66: Aff'd, 410 S.W.2d 830 (Tex. Civ. App.—Waco 1966, no writ) |
| 156. | 4-24-67 | Carter v. Prosper-Tex., Inc. | 731,516 | 157th Dist. Court, Harris County, Tex. | To recover for goods sold by pltf. as employee of Simoniz Co. to deft. as local retailer | 8-23-67: Settlement announced |
| 157. | 5-16-67 | Carter v. L.W. Umphres | 151,963 | County Court at Law No. 1, Harris County, Tex. | To recover $282.86 for auto care products sold by pltf. as employee of Simoniz Co. to deft. | 10-4-67: Judgment of $250.20 entered for pltf. |
| 158. | 6-12-67 | Carter v. REA Express, Inc. | 152,704 | County Court at Law No. 2, Harris County, Tex. | To recover $964.64 for 40 cases of automobile wax lost in shipment | 3-11-69: Settlement announced |
| 159. | 10-22-71 | Carter v. M.E. Schroeder | 888,166 | 190th Dist. Court, Harris County, Tex. | To recover $3,736,000 for malicious prosecution | 1-20-72: Pauper status denied; 4-7-75: Dismissed for want of prosecution |
| 160. | 2-8-72 | Carter v. Southwest School Sales Co. | 201,914 | County Court at Law No. 2, Harris County, Tex. | To recover $995 for services rendered | 9-29-72: Judgment of $900 entered for pltf. |

ALBERT H. CARTER – MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 161. | 7-19-72 | Carter v. Paul Ferguson, Judge of the 149th Dist. Court of Brazoria County, Tex. | 72-G-114 | S.D. Tex. Galv. Div. | Civil rights action seeking injunctive relief against deft. in 3 actions filed in his court (Case List Nos. 65, 70 & 97 | 8-3-72: Dismissed on grounds that a federal court has no power to grant the relief sought; 12-6-72: Fifth Circuit denies leave to appeal in forma pauperis |
| 162. | 8-14-72 | Carter v. Carol Vance, Dist. Attorney, Harris County, Tex. | 72-H-1093 | S.D. Tex. Hou. Div. | Civil rights action to declare invalid pltf.'s 1962 federal perjury conviction in Crim. No. 2158 & to enjoin deft. from using such in upcoming state prosecutions | 4-23-73: Dismissed on grounds that claim is remote & speculative & relief sought is barred by doctrine of abstention; 10-1-73: Aff'd (unpublished slip op. no. 73-2350) |
| 163. | 9-15-72 | Carter v. ABC Bonding Co. | 920,147 | 190th Dist. Court, Harris County, Tex. | To recover $1,000 for violation of bail bond agreement not to surrender pltf. to authorities | 1-10-74: Nonsuit entered by pltf. |
| 164. | 3-15-74 | Carter v. Albert Lee, Justice of the Peace, Precinct No. 4, Harris County, Tex. | 74-H-387 | S.D. Tex. Hou. Div. | Seeks injunction ordering deft. to expunge from records judgment entered by him in No. 7179, Precinct No. 4, Justice Court, Harris County, Tex., on 1-23-73 | 3-15-74: Dismissed for failure to state a claim upon which relief can be granted; 10-17-74: Aff'd (unpublished slip op. no. 74-1913) |
| 165. | 7-10-74 | Carter v. Hannay, Sr. Federal Dist. Judge, S.D. Tex., Hou. Div. | 988,683 | 151st Dist. Court, Harris County, Tex. | To recover $500,000 for false statement by deft. in answer to writ of mandamus | 9-23-74: Action dismissed for failure to pay filing fees; 10-18-74: Notice of appeal filed; 10-21-74: Dismissal set aside by trial court; pending |
| 166. | 7-24-74 | Carter v. Accounts Management Corp. of Pasadena | 990,393 | 164th Dist. Court, Harris County, Tex. | To recover $35,000 for harassment in attempt to collect debt | 4-21-75: Pltf. moves for default judgment |

ALBERT H. CARTER -- MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 167. | 6-27-75 | Carter v. Colton, Asst. Dist. Attorney | 75-H-1138 | S.D. Tex. Hou. Div. | To recover $10,500 for misrepresentation of facts in connection with contests to pltf.'s pauper status filed in state courts of Harris County, Tex. | 12-3-76: Pauper status denied; 12-30-76: Pltf.'s motion to dismiss without prejudice granted |
| 168. | 6-27-75 | Carter, et al v. Blask, U.S. Magistrate | 75-H-1139 | S.D. Tex. Hou. Div. | Mandamus class action contending that the requirement of 28 USC 2254(b) that habeas corpus petitioners be required to exhaust state remedies is unconstitutional | 6-27-75: Dismissed as insubstantial & frivolous; 10-28-75: Fifth Circuit denies leave to appeal in forma pauperis |
| 169. | 7-7-75 | Carter v. Murray G. Kinney, Employee of Tex. Dept. of Corrections | 75-H-1184 | S.D. Tex. Hou. Div. | To recover $35,500 for allegedly false statements in TDC offense reports | 12-3-76: Pauper status denied; 2-28-77: Pltf.'s motion to dismiss granted |
| 170. | 6-15-76 | Carter, et al v. Murray Harris, Clerk, E.D. Tex., & Charles Ruth, U.S. Magistrate | B-76-212-CA | E.D. Tex. Beaumont Div. | Mandamus class action challenging court processing of prisoner complaints | 7-20-76: Dismissed; 11-15-76: Fifth Circuit denies leave to appeal in forma pauperis |
| 171. | 6-23-76 | Carter v. Frans O. Borup, Attorney | 76-H-1035 | S.D. Tex. Hou. Div. | Action to recover $471,250 for ineffective assistance of defense counsel in state criminal prosecutions | 12-3-76: Pauper status denied; 2-28-77: Pltf.'s notice of dismissal filed |
| 172. | 12-30-76 | Carter v. Parvin Romines, Marion Thomas, & Clerk of the Circuit Court of Crittenden County, Ark. | J-76-C-142 | E.D. Ark. | To recover on a cause of action purchased by pltf. for violation of civil rights of Robert Lee Swanson by withholding of certain personalty taken in connection with arrest | 12-30-76: Dismissed on grounds that pltf. lacks standing to assert civil rights of third person; 8-19-77: Aff'd, 560 F.2d 395 (8th Cir. 1977) (per curiam); 12-1-77: Rehearing denied |

ALBERT H. CARTER - MISCELLANEOUS ACTIONS

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 173. | 2-15-77 | Carter v. Caroll Lynn, Earl Musick, John Heard, John Cahoon, Sr., & the City of Houston, Tex. | H-77-259 | S.D. Tex. Hou. Div. | Civil rights action to recover $750,240 for damages allegedly suffered by Lawrence Allyn Gross in connection with his criminal prosecution (purchased cause of action) | Dismissed this date on grounds that save exceptional circumstances, a person has no standing in federal court to assert the rights of third persons |
| 174. | 4-11-77 | Carter v. Gladney, Sheriff, Brazoria County, Texas | G-77-62 | S.D. Tex. Galv. Div. | Civil rights action to recover $97,000 for violation of due process of law in connection with sale of pltf.'s property to satisfy two civil judgments | 4-22-77: Motion for order compelling service filed; <br> 8-15-77: Transferred to S.D. Tex., Hou. Div. <br> 11-1-77: Motion to proceed in forma pauperis filed |

ALBERT H. CARTER - PETITIONS FOR REMOVAL (MISCELLANEOUS)

| Case List No. | Date Filed | Additional Pltfs./Defts. | No. | Court | Nature of Action | Disposition Summary |
|---|---|---|---|---|---|---|
| 175. | 9-24-71 | Carter v. State of Tex. | 71-H-1036 | S.D. Tex. Hou. Div. | Petition for removal of 4 state criminal prosecutions | 3-17-72: Dismissed as moot |
| 176. | 1-20-72 | In the Matter of the Petition of Albert H. Carter | 72-H-91 | S.D. Tex. Hou. Div. | Petition for removal of civil action in 125th Dist. Court, Harris County, Tex., styled A & S Liquidating Co., et al v. Albert Carter, et al, No. 840,345 | 1-20-72: Remanded for lack of federal jurisdiction |
| 177. | 1-11-73 | In the Matter of Albert H. Carter | 73-H-615 | S.D. Tex. Hou. Div. | Petition for removal of civil action in Justice Court, Precinct No. 1, Harris County, Tex., styled ABC Bonding Co. v. Albert H. Carter, No. 188,586 | 1-11-73: Dismissed for failure to state a cause of action upon which relief can be granted |
| 178. | 11-5-74 | Carter v. State of Tex. | 74-H-1492 | S.D. Tex. Hou. Div. | Petition for removal of state criminal prosecution | 11-4-74: Dismissed for lack of merit |

### a. Scope of Court's Search

Although the Court has conducted an extensive investigation of plaintiff's case filings, the Court holds little hope that the above list of cases represents the sum total of plaintiff's litigation. Indeed, throughout the preparation of this opinion, the Court has continued to discover additional cases not located through earlier efforts. Thus, a brief description of the methodology employed to ferret out the legal work product of this prisoner hereafter follows so that other courts confronted with a similar problem involving this litigant will be cognizant of the scope of this Court's search. In addition, it is important to note certain tools which are available to gather this type of information.

Initially, the Court tracked down the cases filed by plaintiff in the Houston Division of the Southern District of Texas and classified them by defendant, subject matter and status. A brief review of these files, particularly the complaints, suggested other jurisdictions where plaintiff might have filed lawsuits. Additionally, it was the initial review in October, 1976, of the file in *Carter v. Zuckert,* 64–H–30, Case List No. 122, which led to the litigation in the Court of Claims, Case List No. 123, and the unearthing of the $5,486.76 judgment rendered in favor of plaintiff during 1976, thus prompting the denial of plaintiff's pauper status in the December 3, 1976, Order.

The search was then expanded at the federal level beyond the Houston Division. Of particular value were the large number of official United States Courts envelopes illegally re-used by Carter in correspondence with this District in apparent violation of 18 U.S.C. § 1719 (1970). By noting the various federal courts whose return addresses were printed on the envelopes, the Court had a reasonable idea as to other federal courts where Carter was active, and special contact was made with the respective clerks of these courts in order to gather data on plaintiff's case filings. The successful uncovering of plaintiff's filings elsewhere through the illegal use of these franked envelopes prompted the Staff Law Clerk in January, 1977, to send a letter to every federal district clerk in the United States inquiring about cases filed by Albert Houston Carter and asking for copies of docket sheets and pertinent pleadings. As a result of the efforts undertaken by the Staff Law Clerk, the Court learned of an additional 36 actions filed in 16 different federal courts, a number of which mirrored actions filed in this jurisdiction or elsewhere.

Certain select state courts also were contacted, namely the state district courts and county courts in Houston, Harris County, Texas, and Corpus Christi, Nueces County, Texas (plaintiff's two principal places of residence during the 1970's), and in Brazoria and Walker Counties, Texas (the geographic locations of prison units where plaintiff has been incarcerated in the 1970's). This survey netted 43 actions. The Court and the Staff Law Clerk made no effort to locate and contact state courts, particularly in Georgia, which may have been a center of plaintiff's legal activities prior to 1970. Thus, although the Court is reasonably certain that a great number of the cases filed by plaintiff at the federal level through January, 1977, have been located, the Court is equally certain that numerous state court actions filed by plaintiff, both pending and closed, remain undetected.

Finally, the Court used the services of LEXIS computer legal research now installed in the Southern District of Texas and searched the available federal and state court libraries for published opinions and citations which list Albert Carter as a named party. By using the search request "NAME (ALBERT W/3 CARTER)," the Court obtained citations to 22 reported opinions, many of which pertain to the civil cases listed above, and some of which relate to plaintiff's criminal history. *See Carter v. United States,* 325 F.2d 697 (5th Cir. 1963), *cert. denied,* 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308 (1964); *Carter v. State,* 510 S.W.2d 323 (Tex.Crim.App.1974). LEXIS proved invaluable as a research tool in that it provided a ready list of reporter

citations to published Carter opinions, information not available from a review of the case files.

Having gathered together this mass of data, the Court undertook to sort it out by defendant, subject matter and chronology. Additionally, the summary information provided by the Harris County state courts indicated a need to review all of the files and pleadings in these actions in order to determine the extent to which actions facially similar were in fact repetitious or related to other discovered cases. It was during the course of this review at the county courthouse that the Court found certain pleadings which bear on an analysis of plaintiff's misuse of judicial processes, as discussed in Part III.B.2., *infra.*

### b. Utilization of the List of Cases for Future Reference

As the List of Cases makes plainly evident, Carter thrives on the lack of communication and coordination between courts which, given their autonomous nature and the necessary focus on their own heavy caseload, generally remain unaware of the activities and experiences of other courts, even other court units within the same building. It is therefore no surprise that plaintiff, having the benefit and control of the overall picture, has been extremely successful against certain defendants in filing and processing identical or overlapping claims in courts which necessarily operate with limited peripheral vision and without the benefit of the grand design. Additionally, by use of certain abusive practices, Carter has succeeded in maintaining causes of action without the knowledge of defendants who might otherwise inform the court of other case filings. Thus, no doubt the most important function performed by this Court in this instance has been the mechanical gathering together of data on plaintiff's case filings in order to piece together the overall picture of plaintiff's legal efforts.

Although this Court can ill afford the time that has been spent in review of the activities of this plaintiff, it is anticipated that the preparation and full dissemination of plaintiff's List of Cases will net time savings for this and other courts in the future. The List of Cases should serve as a res judicata manual on plaintiff for all courts confronted with this litigant. More importantly, it should aid courts in the initial Section 1915(d) determination of whether or not an action filed by plaintiff in forma pauperis is frivolous or malicious. Finally, it is hoped that this Court's investigation, and those conducted by other courts in similar situations, *see, e. g., Green v. Garrott, supra; Dickinson v. French,* 416 F.Supp. 429 (S.D.Ala.1976); . *Ex parte Tyler,* 70 F.R.D. 456 (E.D.Mo.1975), will prompt further analyses of the total litigation picture of other multiple filers.

### c. Pertinence of List of Cases to Present Inquiries

■ In assessing whether plaintiff has abused the privilege of proceeding in forma pauperis, it is indeed a highly probative fact that plaintiff has filed pro se a minimum of 178 actions, almost all of which have been filed in forma pauperis. However, the number of actions filed is not, by itself, a determinative factor which would legally support the use of this Court's power to regulate plaintiff as a litigant. *See, e. g., Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir. 1972), *appeal dismissed,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1973). Instead, one must analyze the nature of plaintiff's litigation in light of the scope of the Section 1915 privilege and additionally pinpoint specific abuses to which appropriate responsive remedies can be tied.

As the List of Cases indicates, numerous of plaintiff's filings are interrelated and even outright duplicative of earlier filings. He has repeatedly sued certain defendants on the same or similar cause of action, the more prominent defendants in this category being Chipper's Nut Hut, Inc. (Case List Nos. 5 thru 14), Horace G. Cook (Case List Nos. 15 thru 19), Masco Mechanical Contractors (Case List Nos. 63 thru 67), The Money Tree Co. (Case List Nos. 68 thru 74), Savin Business Machine Co. (Case List Nos. 83 thru 88), Telectron, Inc. (Case List Nos.

96 thru 107), and the United States and its officers (Case List Nos. 120 thru 131, all relating to plaintiff's discharge from the United States Air Force).

One example of duplicative filings serves to demonstrate the deceptive proclivities of this plaintiff. The complaint in Case List No. 107, *Carter, et al v. Telectron, Inc., et al,* G–77–9, *see* Supplemental File, Exhibit D, filed in the Galveston Division on January 6, 1977, is identical to the complaint in Case List No. 106, filed in the Houston Division as Civil Action 76–H–1780 two months earlier on October 28, 1976, *see* Supplemental File, Exhibit E, except for an increase in the amount of damages sought. The December 3 Order of this Court finding plaintiff no longer indigent directed plaintiff to pay $27.00 in filing and service costs in Civil Action 76–H–1780 (Case List No. 106). In lieu of payment, plaintiff filed on December 22, 1976, a notice of dismissal prior to answer pursuant to Fed.R.Civ.P. 41(a)(1). Fifteen days later, he re-filed exactly the same cause of action in the Galveston Division of the Southern District of Texas (Case List No. 107), and as pointed out in Part III.A., *supra,* used an outdated form affidavit of indigency completed November 26, 1976, thereby failing to disclose those facts leading to this Court's December 3 Order which focused upon the $5,486.76 judgment paid to plaintiff on December 6, 1976.

Prior to June, 1976, this discreet re-filing in the Galveston Division would have gone undetected in Houston and effectuated plaintiff's aim to avoid this Court's December 3 Order and to continue to prosecute this cause of action in forma pauperis; however, because of added centralization as outlined in Part II., *supra,* this newer cause of action was brought to this Court's attention by the Staff Law Clerk and transferred to this Court's docket, at which time plaintiff was again ordered to pay $27.00 in filing and service fees by April 17, 1977, in order to proceed with this cause of action.

The List of Cases further establishes that many of these duplicative filings, although based on the same set of alleged facts, have been premised on differing jurisdictional bases and theories of recovery under state and federal case and statutory law. A review of the case files in this District discloses that usually these cases have been dismissed by a court at some early stage because of a legal flaw in jurisdiction or because the theory of recovery was patently frivolous. This Court cannot help but weigh seriously the circumstantial likelihood that Carter, a man experienced in the law and the principles of pleading, purposefully tainted the complaints in certain instances in order (1) to achieve the long-term harassment of a defendant within the technical scope of Fed.R.Civ.P. 41, *see, e. g., Carter v. Telectron,* 554 F.2d 1369 (5th Cir. 1977); *Carter v. United States,* 547 F.2d 258 (5th Cir. 1977), (2) to defer indefinitely any final determination on the merits of his factual allegations while the defendant is required to combat a series of actions, and (3) to badger the courts by continually forcing the expenditure of valuable judicial time to scrutinize and process these complaints.

In view of the full descriptions of these actions contained in the List of Cases, the Court will not recite at length in narrative form other types of harassment which could be pointed out with respect to a particular group of cases. One example is plaintiff's tendency to file a second identical cause of action in a second forum prior to disposition of the earlier action. *Compare* Case List Nos. 8 with 9 and 13 with 14. However, by alluding to the lengthy list of cases and the matters contained therein, the Court in no way intends to minimize the primary significance which must be attached to plaintiff's predictable pattern of vexatious litigation.

All in all, the List of Cases graphically demonstrates both in volume and substance the "vast potential for abuse inherent in Section 1915." *Urbano v. Sondern,* 41 F.R.D. 355 (D.Conn.1966).

### 2. Samples of Plaintiff's Abuse of the Judicial Process and the Section 1915 Privilege

The Court now turns to a description and analysis of certain patterned abusive prac-

tices which have come to the attention of this Court during its review of this voluminous mass of litigation and which further support the need for remedial judicial action in order to protect the inviolability of the court and its lawful processes from plaintiff's insidious activities. These abusive practices are examined in the order that they would appear in the chronology of a cause of action, i. e., from the filing of the complaint to the securing of a default judgment to the filing of the answer. Coincidentally, such a discussion also generally progresses by comparison from a consideration of plaintiff's more commonplace ploys to his most flagrant efforts to deceive.

### a. Variations in Plaintiff's Citizenship Assertions In Order to Facially Invoke Federal Diversity Jurisdiction

As with plaintiff's routine invocation of the in forma pauperis statute, some of the earliest case filings of plaintiff discovered by this Court also are illustrative of his willingness to assert without hesitation whatever citizenship allegations are necessary to raise the appearance of federal diversity jurisdiction. This Court has taken judicial notice of a certified transcript of an oral hearing conducted on April 28, 1961, by Federal Judge William A. Bootle of the Middle District of Georgia, Macon Division, in approximately 10 actions including Case List Nos. 120 and 146 thru 149. See Supplemental File, Exhibit F. Colloquies between Judge Bootle and plaintiff during the hearing illustrate the cavalier manner with which plaintiff approaches diversity allegations:

        *      *      *      *      *      *

"THE COURT: . . . Now, on No. 'F', you have two suits, one is against Howard A. Davis. He's a Colonel in the Air Force, is he?

"MR. CARTER: That's correct.

"THE COURT: And you allege that he's a citizen 'of a state other than Arkansas'?

"MR. CARTER: Yes sir, actually, I do not know what state he is from."

        *      *      *      *      *      *

"THE COURT: Well, unless you know where Howard A. Davis lives, and unless he's a citizen of Georgia, you still don't have any jurisdiction over him?

"MR. CARTER: In that case, sir, may I amend both suits to allege that he's a citizen of the State of Georgia?

"THE COURT: Now, that raises a question of good faith. Are you just willing to allege anything, without knowing whether it's true or not?

"MR. CARTER: No Sir, that's the reason I originally alleged that he was a citizen of a state other than Arkansas. Actually, if I remember correctly, he is a citizen of the state of Ohio, but I'm not absolutely positive.

"THE COURT: Well, if he's a citizen of the State of Ohio, this court would have no jurisdiction of him at all, and I just refuse to permit you to file that suit; and I will give it back to you, if you want it, or do you want me to keep it?

"MR. CARTER: Yes sir, I'll take both of them, if you please.

"THE COURT: Well, maybe I had better let the Clerk keep these and let the record show that Mr. Carter states in his place that he does not know where Howard A. Davis resides or what state he's a citizen of. He thinks it's Ohio, but he was willing to amend and allege Georgia, and that being true, I don't think it's in good faith, and I'm not going to file this suit in forma pauperis."

        *      *      *      *      *      *

"THE COURT: All right, we come to No. 'G' now, and that damages for false arrest and you're suing Colonel John E. Morwood, is that right?

"MR. CARTER: That's correct, sir.

"THE COURT: And you allege there that he's a citizen of a state other than Arkansas?

"MR. CARTER: Yes sir, I'm in a position to definitely amend that suit at this time, sir, and state that he is definitely a citizen of the State of Louisiana.

"THE COURT: That being true, this Court, in my judgment, has no jurisdic-

tion and there's no use to file it, because the law says—well, I will read it to you:

'A Civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.'

"MR. CARTER: May I then amend the suit in this way, sir, to allege that the Defendant, John E. Morwood is a resident of the State of Georgia?

"THE COURT: That won't do; he's got to be a citizen. This word 'reside' means this is his domicile. He's got to be a citizen.

"MR. CARTER: May I inquire then of the Court, if he's a citizen of one state and residing in another, where can he be sued?

"THE COURT: Wherever he's a citizen, his domicile.

"MR. CARTER: I see; very well, sir."

\*     \*     \*     \*     \*     \*

"THE COURT: . . . Now, No. 'H', this is a suit against A. W. White for prolonged incarceration, and you allege that he is a citizen of a state other than Arkansas?

"MR. CARTER: Yes sir.

"THE COURT: Where is his citizenship?

"MR. CARTER: I have no idea.

"THE COURT: Draw me a similar order on that, Mr. Clerk. You can sue him wherever his citizenship is, as I understand it."

*Id.* at 44, 46–47, 49–50. Judge Bootle later expressed in writing that

"[b]ecause of the reckless abandon with which plaintiff is willing to litigate and the carelessness with which he is willing to make allegations as to diversity of citizenship, this Court is of the opinion that none of these suits should be permitted to proceed further in forma pauperis."

Memorandum and Order, August 16, 1961, C.A. No. 677 *et seq.,* at 4; *see* Supplemental File, Exhibit B.

█ Plaintiff continues fifteen years later to file with "reckless abandon" and to assert whatever citizenship is necessary to invoke federal diversity jurisdiction. For example, plaintiff in recent years, and during his stable incarceration at the Texas Department of Corrections, has asserted in some actions that he is a citizen of Texas and in others that he is a citizen of Georgia.[3] The law is that in determining the state citizenship of a prisoner, one looks to his domicile prior to incarceration. *See* 13 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3618 (1975). Furthermore, a person has only one domicile for purposes of citizenship. *Id.* § 3612, at 715. Therefore, without regard to the merits of plaintiff's assertion of a particular citizenship, whether it be Georgia or Texas, it is clear that plaintiff can only have been a citizen of one state since the time of his incarceration.

Nevertheless, plaintiff has varied his allegation of domicile depending on the citizenship of his opponent. Thus, having failed in his effort to recover from Texas citizens in civil rights actions, plaintiff has re-filed certain actions as diversity actions asserting a Georgia citizenship. For example, compare the complaint in *Carter v. Moss, Asst. Dist. Attorney, Harris County, Texas,* C.A. 75–H–834, Case List No. 75, Supplemental File, Exhibit G, (slander, civil rights, 42 U.S.C. § 1981) with *Carter v. Moss,* C.A. 76–H–1036, Case List No. 76, Supplemental File, Exhibit H, (slander, diversity, 28 U.S.C. § 1332). Indeed, it is easy to pinpoint the date on which plaintiff first utilized the ruse of filing against Texas citizens as a Georgia citizen under the diversity statute: June 23, 1976. On this date, plaintiff filed in the Southern District of Texas four actions, Case List Nos. 56, 76, 82 and 171, two of which, Action Nos. 76 and 82, were

---

**3.** During a March, 1976, hearing before United States Magistrate Ronald J. Blask as a Special Master in Case List No. 30, the issue of plaintiff's state citizenship was addressed by the parties but not finally resolved.

against earlier defendants and on the same causes of action, but asserting a diversity jurisdictional base.

### b. Plaintiff's Failure to Specify Prior Similar Actions and Disposition

■ Although an action filed by plaintiff may be identical to an earlier-filed action, plaintiff typically avoids any reference in the complaint or other pleadings to prior lawsuits, his motive for lack of disclosure being readily apparent when one examines the extensive List of Cases. Local Rule 5 of the Southern District of Texas requires that litigation pending in this or any other court which is related to a newly-filed action be disclosed at such time as the related nature of the litigation is apparent.[4] It is clear from a comparison of plaintiff's complaints in the same or similar causes of action filed in this district that plaintiff, as a pro se litigant before this Court, generally has failed to apprise this Court of related and identical litigation.

In addition to Local Rule 5, the form Complaint for Violation of Civil Rights which is provided to prisoner litigants within the Southern District of Texas asks:

"Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?"

In those cases where plaintiff has submitted the form complaint, his usual response has been "I have not begun any state or federal lawsuit on *this* cause of action".

As an example of plaintiff's noticeable reluctance to disclose similar litigation, the complaint in *Carter v. Chipper's Nut Hut, Inc.*, G–77–8, Case List No. 14, Supplemental File, Exhibit I, makes no reference to the identical action, Case List No. 13, which was then pending in the Middle District of California. On October 26, 1977, the Court received from plaintiff a "Suggestion of Involuntary Dismissal for Want of Jurisdic-

tion" in Case List No. 14. *See* Supplemental File, Exhibit J. In the pleading, plaintiff requested that this Court involuntarily dismiss this action for lack of jurisdiction so that he might avoid the use of a "notice of voluntary dismissal" and any problem with the automatic bar to re-filing which arises pursuant to Fed.R.Civ.P. 41(a)(1) once a plaintiff twice voluntarily dismisses the same cause of action through use of a notice of dismissal. In support thereof, plaintiff

"suggests upon the record that certain events which have occurred after this civil action was commenced make it apparent that the Court lacked jurisdiction of the subject matter of this action at the time it was commenced, and that federal jurisdiction is lacking at the present time, in that the $10,000 minimum amount-in-controversy requirement of 28 U.S.C. § 1332 is not met."

The "certain events" to which plaintiff is referring are the orders of May 23, 1977, and June 30, 1977, entered in Case List No. 13, which determined that plaintiff had duplicated claims in an attempt to meet the $10,000 jurisdictional requirement of 28 U.S.C. § 1332. *See* Supplemental File, Exhibits K and L. At an earlier time, this Court no doubt would have routinely entered without further inquiry an involuntary dismissal in accordance with plaintiff's request. However, being independently cognizant of plaintiff's repeated filings against this particular defendant and the "certain events" to which plaintiff refers, the Court is in a position to assess more knowledgeably the appropriate course of action, notwithstanding plaintiff's failure to comply with Local Rule 5.

### c. The Obtaining of Default Judgments by Use of the Texas Long Arm Statute

Having reviewed case files at the state as well as the federal level, certain other tactics of plaintiff have surfaced which typify

---

**4.** Although Local Rule 5 is couched in terms of placing the duty of notification of related litigation on each "attorney" appearing in a case before the court, the policy behind this rule of disclosure applies equally, if not more so, to non-attorney litigants who represent themselves.

the extent to which plaintiff has sought to gain a favorable judgment without any notice whatsoever to the defendant. The remainder of Part III. focuses on these procedures.

Plaintiff devised the technique in the early 1970's of using the Texas long-arm statute and the Texas Secretary of State as a means of facially establishing proper service of process on out-of-state defendants, regardless of whether they were registered to do business in the State of Texas. Certain actions against Chipper's Nut Hut, Inc., and pleadings filed therein, illustrate plaintiff's technique, which has been used against multiple defendants.

In Case List No. 6, filed September 24, 1971, plaintiff attempted to obtain a default judgment against Chipper's by serving the Texas Secretary of State pursuant to the Texas long-arm statute. Following a denial of plaintiff's motion for default judgment by Federal Judge Woodrow Seals at an oral hearing, plaintiff filed a notice of dismissal on July 21, 1972.

Plaintiff was more successful in the Harris County state courts where he obtained during 1971 and 1972 default judgments of $7,850 in Case List No. 5 and $505.16 in Case List No. 7. Plaintiff thereafter filed actions in California to collect on these default judgments, including Case List No. 13 filed January 8, 1976. In Case List No. 13, the district court for the Middle District of California ruled on June 30, 1977, that it lacked subject matter jurisdiction in that plaintiff had fraudulently duplicated claims in order to satisfy the $10,000 amount-in-controversy requirement of 28 U.S.C. § 1332. See Supplemental File, Exhibit L. Chipper's, in a motion for summary judgment filed in Case List No. 13, also submitted affidavits to prove that plaintiff had, through the misuse of judicial and statutory procedures, wrongfully obtained the two earlier default judgments.

This contention was not addressed by the California district court in light of its finding of lack of jurisdiction. However, such allegations are extremely relevant to this Court's inquiry. Accordingly, the Court has obtained copies of the affidavits filed by Chipper's in Case List No. 13. The affidavit of Hugh L. Doddridge, President and General Manager of Chipper's Nut Hut, Inc., filed on September 23, 1976, see Supplemental File, Exhibit M, recites in minute detail a series of events, fully supported by documentary attachments, which call into serious question the validity of the two default judgments. The affidavit recites that plaintiff, under the Texas long-arm statute, submitted copies of the complaint in Case List No. 5 to the Harris County Sheriff for service on the Texas Secretary of State, and instructed the Sheriff in an attached letter that:

> "the statute involved, Article 2031a, Section 4, V.A.C.S., specifies that the failure to forward a copy by certified mail does *NOT* affect the validity or completeness of service. I therefore request that the serving officer be instructed to leave the copies with the Secretary of State, or any of his office staff, *regardless of their objections* to receiving the process. In short, under the statute, service of process is validly complete upon delivery of the Secretary of State—regardless of what the Secretary does with the copies, and even if he does nothing with them."

The affidavit further alleges that plaintiff knowingly provided a false address of defendant in South Francisco, California, for purposes of service, that defendant therefore was never served with a copy of the complaint either by the Texas Secretary of State or by plaintiff personally, and that defendant did not learn of the default judgment until the filing of Case List No. 13 five years later. Attached to the affidavit are copies of numerous letters from plaintiff during this same time period indicating that plaintiff knew defendant's proper address in Los Angeles, California.

The affidavit recites a similar fact pattern in connection with Case List No. 7, with the following variations: (1) plaintiff used a different false address for defendant at "1001 East Southmore, Suite 409, Pasadena, Texas 77502," and (2) having obtained the default judgment, plaintiff on May 18,

1972, sent a copy of the default judgment to defendant at its correct address in Los Angeles.

The recitations in this affidavit, while not constituting evidence in cases filed in this Court, are fully documented with numerous attachments and serve to demonstrate that plaintiff has engaged repeatedly in schemes involving fraudulent conduct in an effort to unlawfully obtain default judgments on out-of-state defendants. Indeed, one court, in setting aside a default judgment obtained by plaintiff pursuant to this deceitful practice and dismissing his action with prejudice, has enjoined plaintiff from proceeding against The Money Tree Co. in the State of Texas on the grounds that

> "The Money Tree Company is not subject to the jurisdiction of a Texas Court by virtue of doing business within the state within any statutory provision for substituted service for purposes of the cause of action alleged by Albert H. Carter."

*Carter v. The Money Tree Co.*, No. 55,692D, Case List No. 70. Order of June 19, 1973, at 2, Supplemental File, Exhibit N, *aff'd*, 504 S.W.2d 783 (Tex.Civ.App.—Houston [14th Dist.]), *cert. denied*, 419 U.S. 865, 95 S.Ct. 120, 42 L.Ed.2d 102 (1974).

Thus, in promulgating appropriate remedial measures as to this plaintiff, direct notice to a defendant of a newly-filed complaint appears imperative.

### d. *Failure to Serve Pleadings on Defendants*

In addition to plaintiff's use and interpretation of the Texas long-arm statute in a manner designed to avoid personal service on foreign corporations such as Chipper's Nut Hut, Inc., plaintiff, in a letter to the Texas Attorney General's Office of December 8, 1975, introduced by the Attorney General as Exhibit No. 1 at an April, 1976, oral hearing before the United States Magistrate in *Carter v. Wallace & Estelle*, C.A. 75–G–89, Case List No. 30, *see* Supplemental File, Exhibit O, further expresses both his desire to litigate ex parte and his acknowledged lack of candor with the Court with regard to certificates of service:

"Dear Sir:

"At the present time, I have approximately a dozen cases pending in the various federal courts, mostly in the Southern District of Texas, the Fifth Circuit, and the Supreme Court of the United States, against various state officials represented by you. I am a prisoner at the Ellis Unit of the Texas Department of Corrections.

"We do not have a 'writ room' at this Unit, as other units have. We are not provided onionskin paper; it is not sold in the commissary; and we are not permitted to order it from outside sources in any manner. Bond type paper is sold in the commissary at 2 cents a sheet, which is a prohibitive cost, as I am indigent.

"This is to advise you, therefore, that henceforth I shall <u>not</u> serve on you copies of any pleadings filed in actions against state officials whom you represent, unless the pleading is such that you <u>must</u> answer in order that the action may proceed further, such as written interrogatories. Because the court clerks refuse to file pleadings without a certificate of service, I shall—of necessity—include a certificate of service on every pleading, even though on many pleadings it will be a false certificate.

"This is to further advise you that I have many friends here who have numerous cases pending also, and I am showing them a copy of this letter, advising them to follow suit.

"If you wish to take up this matter with the federal courts, I shall be <u>delighted</u>.

> Sincerely yours,
> Albert H. Carter"

### e. *The Possibility of Forged Answers Submitted by Plaintiff in Actions Filed by Him*

The Court has discovered certain answers purportedly filed by defendants in three state court actions during January, 1972, which, because of their similar, unusual content and other documents in the files, raise the serious question as to whether plaintiff wrongfully submitted forged an-

swers on behalf of defendants for filing in actions brought by him in order to establish in personam jurisdiction over these defendants and to place in the record admissions of liability for purposes of a subsequent motion for summary judgment.

An appropriate starting point for analyzing this most serious of potential abuses is the discussion by Chief Justice Bert H. Tunks, Texas Court of Civil Appeals, Fourteenth District, in an opinion reported at 504 S.W.2d 783 (Tex.Civ.App.—Houston [14th Dist.]), *cert. denied*, 419 U.S. 865, 95 S.Ct. 820, 42 L.Ed.2d 102 (1974) in Case List No. 70, *Carter v. The Money Tree Co.*, No. 55,692D. As described in Case List No. 70, plaintiff obtained a default judgment in the 130th District Court, Brazoria County, Texas, against The Money Tree Co. through use of the Texas long-arm statute. Thereafter, the defendant appeared, filed an application for a bill of review, and upon review the district court withdrew the prior judgment and dismissed plaintiff's cause of action with prejudice. *See* Supplemental File, Exhibit N. In affirming the district court, Chief Justice Tunks observed:

"The pleading filed by the Money Tree Company has attached to it a number of exhibits. They do not constitute evidence and are not considered as such. But they do recite facts suggesting that Carter has engaged in fraudulent conduct in an effort to unlawfully obtain a judgment on a spurious claim. It is recited that he has filed numerous suits in numerous different courts on the same claim as that here alleged. It is recited that in one of those suits in a Texas court he caused to be filed a forged answer in an effort to show in personam jurisdiction over this foreign corporate defendant. These recitations demonstrate facts that could have been proven to the trial judge. They would sustain a conclusion that Carter maliciously and without probable cause filed multiple suits on the same claim for the purpose of harassment. There may be

shown such an abuse of judicial processes as to justify the denial to the offender of access to the court or any of its procedures." (citations omitted)

*Id.* at 785.

Having reviewed the case files at the state level in Harris County, Texas, this Court has no difficulty in concluding that the other suit to which Chief Justice Tunks refers is Case List No. 69, *Carter v. The Money Tree Co.*, No. 893,613 filed December 22, 1971. Attached as Exhibit 1 to this opinion is a certified copy of the answer filed on behalf of defendant on January 24, 1972. Attached as Exhibit 2 is a certified copy of a letter filed August 25, 1972, from Mr. J. J. Sanders, President, The Money Tree Co., to Mr. Ray Hardy, District Clerk, Harris County, Texas, reciting the facts alluded to by Chief Justice Tunks which prompted his above-recited observations.

However, this Court, in reviewing the state court files, also discovered two additional suspect answers filed on behalf of other defendants within two weeks of Exhibit 1. The answers are strikingly similar to Exhibit 1 and extremely suspect in view of the admissions of liability contained therein. Therefore, attached as Exhibit 3 is a certified copy of an answer filed on January 13, 1972, in Case List No. 159, *Carter v. Schroeder*, C.A. No. 888,166, and attached as Exhibit 4 is a certified copy of an answer filed on January 17, 1972, in Case List No. 63, *Carter v. Masco Mechanical Contractors*, C.A. No. 893,617. These additional answers submitted on behalf of two other defendants in the same narrow time period, and which contain similar unusual admissions to say the least, further support Chief Justice Tunks' analysis. Moreover, recent pleadings filed in a habeas corpus proceeding currently active in this District further suggest Carter's propensity to submit forged documents in order to obtain favorable rulings on the merits.[5] The ready inference to be drawn is that, although not proved be-

---

5. The Court takes judicial notice of a motion and certain attachments filed by the State of Texas on November 8, 1977, in the habeas

corpus action of *Carter v. Estelle*, 74–H–1603, Case List No. 23, which alleges that Carter has utilized a forged psychiatric report which finds

yond all doubt, these exhibits suggest a type of conduct which is extremely serious in nature and is fully consistent with his 1962 federal perjury conviction based on his reliance on a falsified military flight record, *see Carter v. United States*, 325 F.2d 697, 700 (5th Cir. 1963), *cert. denied*, 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308 (1964), and, more importantly, the other verified practices outlined above.

Having thus described in Part III. the spectre of abuse which taints Carter's litigation, the Court turns to a resolution of the questions posed at the outset of this opinion, beginning with a consideration of plaintiff's further utilization of 28 U.S.C. § 1915.

## IV. PROMULGATION OF AN EFFECTIVE COURSE OF ACTION TO PREVENT FUTURE ABUSE

The motions filed by plaintiff with regard to the 17 actions dismissed by this Court on March 7, 1977, and the information gathered and reviewed by this Court in response to these motions have raised questions of law premised on three statutes and rules: (1) the further availability to plaintiff of the in forma pauperis statute, 28 U.S.C. § 1915; (2) appropriateness of dismissals with or without prejudice pursuant to Fed.R.Civ.P. 41; and (3) the necessity of judicial regulation pursuant to the "All Writs" statute, 28 U.S.C. § 1651.

### A. Tighter Control of the Section 1915 Privilege

"[T]he short of the matter is that no one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). So recognized Congress in 1892 when, in passing the provisions authorizing in forma pauperis prosecutions, it included the discretionary controls of Section 1915(d) in order to protect the courts and defendants against frivolous lawsuits as well as plaintiffs motivated by

malice. *See O'Connell v. Mason*, 132 F. 245, 247 (1st Cir. 1904); *see generally* Note, *Petitions to Sue In Forma Pauperis In Federal Courts: Standards and Procedures for the Exercise of Judicial Discretion*, 56 Boston U.L.R. 745, 746–47 (1976).

The Fifth Circuit Court of Appeals has adopted a test for frivolity under section 1915(d) which authorizes denial of leave to proceed in forma pauperis if the submitted action is "without arguable merit" as a matter of fact or law. *See Taylor v. Gibson*, 529 F.2d 709, 714–15 (5th Cir. 1976); *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). The appropriate test for a "malicious" lawsuit, however, has not to the knowledge of this Court been addressed by the Fifth Circuit, *cf., Hardwick v. Brinson, supra*, nor has the appellate court confronted the problems of remedy posed by a number of cunning pro se prisoner litigants such as plaintiff who, in bad faith and on a long-term basis, have abused both the judicial process and the privilege of litigating at public expense.

On the basis of the overview afforded by the List of Cases in Part III.B.1., *supra*, and the numerous examples of frivolous and malicious filings documented therein, the continuous misrepresentation by plaintiff of his financial status, *see* Part III.A., *supra*, and the additional deceptive practices pointed out in Part III.B.2., *supra*, it is clear to this Court that closer screening of plaintiff's case filings pursuant to Section 1915(d) is compelled. Because of his prior pattern of abuse, which this Court has no reason to expect will abate, plaintiff henceforth should carry a stronger burden of proving that he is economically unable to pay the initial filing and service fee or some portion thereof, *see Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex.1977), and that the action is in good faith and not "without arguable merit" or malicious.

Thus, although complaints hereafter submitted by plaintiff in forma pauperis will

him incompetent to stand trial as a foundation for his contention that his 1962 federal perjury conviction is invalid because the report was suppressed. Certified copies of the pertinent

court records, including the response filed by Carter's court-appointed attorney in that proceeding, are included in the Supplemental File as Exhibits S and T.

be routinely filed by the Clerk upon receipt in accordance with *Watson v. Ault, supra,* and *Campbell v. Beto,* 460 F.2d 765, 768 (5th Cir. 1972), the Court hereby adopts a special procedure recently approved by the Fourth Circuit Court of Appeals whereby any future request by plaintiff to proceed in forma pauperis will be denied, except upon a showing of good cause to this Court's satisfaction as to why he should be permitted to sue on a particular cause of action at public expense. *See Graham v. Riddle,* 554 F.2d 133 (4th Cir. 1977). Thus, if plaintiff's entitlement to proceed in forma pauperis is not readily apparent from the face of the complaint and affidavit of indigency, plaintiff will be directed to submit a supplemental show cause pleading in which he, for example, is ordered to (1) state under oath, and with documentary support, including the certificate of a bank officer, the current balance of any bank account on which he or any member of his family is a signatory, including Corpus Christi Bank & Trust, *see* Supplemental File, Exhibits P, Q; (2) list in accordance with the format used for the List of Cases herein all prior actions, previously filed (a) on the same, similar or related cause of action, and (b) against one or more of the defendants, including predecessors or successors in interest or office; and (3) describe under oath and in detail in the form of a more definite statement the specific facts supporting his claim, including the attachment of supportive documentation, *see Taylor v. Gibson, supra* at 717.

Any bad faith misrepresentation, lack of disclosure or technical construction of any future inquiry by this Court in order to suppress relevant information will result in automatic denial of leave to proceed in forma pauperis and, if appropriate, the issuance of a show cause order why plaintiff should not be held in contempt of court. Additionally, the presumption of frivolousness or maliciousness will be especially strong where the submitted complaint is based on facts which occurred prior to his present incarceration in 1974.

■ Recently plaintiff has filed motions seeking this Court's permission to proceed in forma pauperis in the 17 actions dismissed by this Court eight months ago on March 7, 1977, stating under oath that all monies received by him are contributed to the support of his wife, who has high medical expenses due to an abdominal tumor, and his minor daughter Nancy Carter. The motions to reinstate these causes of action pursuant to 28 U.S.C. § 1915 will be denied.

Plaintiff received a $5,486.76 collectible judgment against the United States in January, 1976. From that time forward, he prosecuted in bad faith under Section 1915 approximately 40 actions pending in this Court and misrepresented under oath his financial status in newly-filed actions. Only this Court's accidental discovery of the Court of Claims judgment in the fall of 1976 prevented Carter's continued, successful deception of his drastically improved financial situation.

Following this Court's December 3, 1976, Order, plaintiff collected the judgment and in correspondence and pleadings indicated an intent to pay the filing and service fees in certain causes of action. *See* Supplemental File, Exhibit R. Although thus acknowledging that he had ample funds to pay the $354.00 in fees, plaintiff opted not to pay, thus resulting in dismissal of these actions. Therefore, it is of little moment to this Court that plaintiff has now decided that his funds must be used for other purposes or even that he has exhausted the court award, as such a response necessarily was anticipated by this Court.

Given plaintiff's misuse of the Section 1915 privilege in connection with these 17 actions, the fraud practiced upon the Court as to his financial situation, and his ability during the course of these actions to pay the modest filing and service fees ordered, the Court, in the exercise of its discretion, not only denies plaintiff's motion but further will not permit plaintiff in the future to utilize the in forma pauperis statute to prosecute these present causes of action in this Court, regardless of his financial situation.

### B. Dismisssal With or Without Prejudice Under Rule 41

#### 1. Actions Dismissed on March 7, 1977

█ Pursuant to Fed.R.Civ.P. 41(b), the Court may enter on its own motion involuntary orders of dismissal for failure to comply with a court order, see 9 C. Wright & A. Miller, Federal Practice and Procedure § 2369 n.60 (1971), in this case an order to pay initial filing and service fees where plaintiff is determined no longer to be a pauper. As this Court has indicated above, it will not favorably entertain motions for permission to proceed in forma pauperis in the 17 actions dismissed on March 7, 1977. However, if plaintiff attempts to re-file these actions and pay the fees or if he attempts to file in another court, it becomes important to determine whether the actions were dismissed with or without prejudice.

Rule 41(b) establishes the presumption that involuntary dismissals are with prejudice, although the Court has the discretion to enter the dismissal either with or without prejudice. However, Rule 41(b) provides that the dismissal must be without prejudice if it is premised on a lack of jurisdiction, improper venue, or failure to join a party under Rule 19. *See Carter v. Telectron, Inc.*, 554 F.2d 1369 (5th Cir. 1977). Additionally, the United States Supreme Court held in *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (hereafter "*Costello*") that the dismissal cannot be *res judicata*, i. e., with prejudice, to a second action if "the merits could not be reached for failure of the plaintiff to satisfy a precondition," *id.* at 286, 81 S.Ct. at 545, interpreted by one court to include a dismissal for failure of a plaintiff to post an initial security-for-costs bond. *Saylor v. Lindsley*, 391 F.2d 965 (2d Cir. 1968).

The rationale behind the *Costello* judicial exception to the "with prejudice" presumption of Rule 41(b), as applied in *Saylor v. Lindsley, supra*, is that involuntary dismissals should not be with prejudice where the defendant has not been put to the burden of preparing to meet the merits because of plaintiff's failure to satisfy an initial precondition. *Costello, supra*, 365 U.S. at 286, 81 S.Ct. 534; *Saylor v. Lindsley, supra* at 969. The *Costello* exception, and its supporting rationale, are not easily applied to these unique facts. On the one hand, the Court's involuntary dismissals entered in the 17 actions on March 7, 1977, for failure of plaintiff to pay filing and service fees appear at first blush to fit within the special rule calling for dismissal without prejudice announced in *Saylor v. Lindsley*. On the other hand, plaintiff had prosecuted these actions in forma pauperis up until the time of the Court's order to pay fees in light of plaintiff's changed financial situation. As a result, a number of defendants, especially in the older suits, have expended time and effort to defend these actions as well as other similar filings, thus undercutting the validity of the rationale for the *Costello* exception.

Thus, in lieu of applying an across-the-board rule, the Court has undertaken a case-by-case review of the 17 actions and has considered all pertinent circumstances in deciding whether the dismissals are with or without prejudice, including (1) the legal principles announced above, (2) the status of each lawsuit at the time the orders of dismissal were entered, and (3) prior or subsequent filings on the same or related cause of action. Because of the Court's ruling precluding future Section 1915 prosecution of these particular suits in this Court, a presumption has been applied under the circumstances, contrary to that provided for in the rule, that the dismissals are without prejudice where indicated so that plaintiff may re-file with the payment of fees. The Court therefore determines as follows:

*Carter v. Telectron, Inc.*, 71–H–994, Case List No. 96: dismissed without prejudice
*Carter v. Kern*, 72–H–344, Case List No. 42: dismissed without prejudice
*Carter v. Heard*, 74–H–42, Case List No. 43: dismissed without prejudice
*Carter v. Estelle*, 75–H–314, Case List No. 29: dismissed without prejudice

*Carter v. Savage, Estelle, et al*, 75–H–1679, Case List. No. 33: dismissed without prejudice

*Carter v. Texas Agribusiness Co.*, 75–H–1992, Case List No. 4: dismissed with prejudice in view of prior similar filing and disposition in *Carter v. Calhoun Cold Storage Co.*, No. 888,172, Case List No. 3

*Carter v. Hardy*, 76–H–458, Case List No. 55: dismissed without prejudice

*Carter v. Bue, et al*, 76–H–707, Case List No. 133: dismissed with prejudice in light of subsequent re-filing of same class action complaint by Paul Shipp as named plaintiff, *Shipp v. Bue, et al*, H–77–467, see note 6 [6]

*Carter v. Reed*, 76–H–1037, Case List No. 130: dismissed with prejudice in light of the recent opinion entered in *Carter v. United States*, 76–H–1181, Case List No. 131, on August 4, 1977, finding that any suits challenging the validity of plaintiff's 1960 discharge from the United States Air Force are barred by *res judicata, see* Supplemental File, Exhibit A

*Carter v. Hardy*, 76–H–1044, Case List No. 56: dismissed without prejudice

*Carter v. Wadsworth*, 76–H–1549, Case List No. 141: dismissed with prejudice in light of prior similar filing and disposition in *Carter v. Wadsworth*, 76–H–457, Case List No. 140

*Carter v. Thomas*, 76–H–1550, Case List No. 111: dismissed without prejudice

The other five suits included in the March 7, 1977, Order were:

*Carter, et al v. Thomas*, 75–H–21, Case List No. 108

*Carter, et al v. Estelle*, 76–H–1342, Case List No. 34

*Carter, et al v. Thomas*, 76–H–1446, Case List No. 110

*Carter, et al v. Levi*, 76–H–1655, Case List No. 136

*Carter, et al v. Singleton, et al*, 76–H–1663, Case List No. 133

Plaintiff was dismissed from these multi-plaintiff actions and denied leave to proceed in forma pauperis. These dismissals are without prejudice. Additionally, plaintiff is reinstated as a party plaintiff in *Carter, et al v. Levi*, 76–H–1655, Action No. 136, in light of the fact that co-plaintiff Donald Montgomery paid in full the filing and service fees prior to plaintiff's dismissal from the action.

*2. Actions Subject to Order of March 29, 1977*

Additionally, on March 3, 1977, Civil Actions G–77–8, G–77–9 and G–77–10 (Case List Nos. 14, 107 and 138) were transferred to this Court. Having been filed in forma pauperis, this Court entered an Order of March 29, 1977, directing that filing and service fees be paid within twenty days to avoid dismissal. Plaintiff has not paid the requisite fees. Rather, he has filed a motion to clarify whether the dismissals contemplated would be with or without prejudice and asking for an additional twenty days after receipt of such clarification to pay the ordered fees. With reference to these three cases the Court rules as follows:

---

**6.** One of the actions brought by plaintiff and dismissed by this Court on March 7, 1977, for failure to pay filing and service fees was *Carter, et al v. Bue, et al*, 76–H–707, Case List No. 132. On March 23, 1977, two weeks later, the action of *Shipp, et al v. Bue, et al*, H–77–467, was filed in the Court of the Honorable Woodrow Seals. Plaintiff Shipp not infrequently sues as a co-plaintiff with Carter. The Staff Attorney has brought to this Court's attention that, except for a refinement in the scope of the defendant class, the two complaints are virtually identical and raise the same ten narrow allegations of unlawful conduct on the part of the defendant class. *See* Supplemental File, Exhibits U and V. In addition to the complaint,

plaintiff's Reply to Defendants' Motion to Dismiss is unmistakenly the work of plaintiff herein, possessing the characteristics in pleading form and content which distinguish the work of plaintiff. Thus, the Court is wholly cognizant of the device whereby plaintiff may utilize another inmate as a pleading conduit in an effort to escape detection and the orders contained in this opinion. Although the issue is not before the Court at this time, this Court in the future may be required to address the question of how to control this potential abuse, *see Green v. Wyrick*, 428 F.Supp. 732 (W.D.Mo.1976), including possible entry of an order that plaintiff disclose in the future those pleadings that he has helped to prepare.

■ In *Carter v. Chipper's Nut Hut, Inc.,* Civil Action G–77–8, Case List No. 14, one of plaintiff's chief adversaries, plaintiff has filed a Suggestion of Involuntary Dismissal for Want of Jurisdiction. As previously discussed in Part III.B.2.b., *supra,* Judge Albert Lee Stephens, Federal Judge for the Central District of California, determined in Orders of May 23, 1977, and June 30, 1977, *see* Supplemental File, Exhibits K and L, that plaintiff could not validly establish a $10,000 amount in controversy in order to support federal jurisdiction. Accordingly, the cause of action is dismissed without prejudice for lack of jurisdiction.

■ *Carter v. Telectron, Inc., et al,* Civil Action G–77–9, Case List No. 107, is similar or identical in substance, although differing in jurisdictional allegations, to Case List Nos. 98, 99, 100, 103, 104 and 106, thereby suggesting a malicious intent. Moreover, this Court finds that these causes of action, all of which allege that employees of Telectron, Inc., wrongfully conspired and falsely testified to convict him of embezzlement in 1972, and following retrial, in 1974, are without arguable merit and therefore frivolous in accordance with current case law on this point. *See Dickinson v. French,* 416 F.Supp. 429, 434 (S.D.Ala.1976); *Daves v. Scranton,* 66 F.R.D. 5 (E.D.Penn.1975). This cause of action is therefore dismissed with prejudice pursuant to 28 U.S.C. § 1915(d).

*Carter v. Kelley, et al,* Civil Action G–77–10, Case List No. 138, will be dismissed without prejudice unless plaintiff, within twenty days, pays $21.00 in filing and service fees.

By dismissing certain of these actions without prejudice, this Court in no way expresses any opinion on the meritorious or frivolous nature of these actions.

### C. Use of the "All Writs" Statute To Control Future Abuse of the Judicial Process

Although the Southern District of Texas now is cognizant of plaintiff's procedures and therefore in a position to anticipate and control any further misuse of legal processes, other jurisdictions remain open prey. On the basis of the information compiled on this litigant, this Court cannot stand idly by while plaintiff turns to other forums which are unaware of his tactics to continue his abuse of the legal process. To do so would be to abdicate its judicial responsibility to safeguard such process from a disclosed pattern of utilization of continuing corrupt practices by a deceitful litigant.

A United States court has powers of an auxiliary nature under the "All Writs" Statute, 28 U.S.C. § 1651 to issue all writs not specifically provided for by statute "as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *Adams v. United States ex rel. McCann,* 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed. 268 (1942). Indeed, such "[p]rocedural instruments are means for achieving the rational ends of law." *Id.*

■ One such instrument is the mandatory injunction compelling a private party to take some affirmative act. *See, e. g., Stern v. South Chester Tube Co.,* 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (1968); *Johnson v. Interstate Power Co.,* 187 F.Supp. 36 (D.S.D.1960). It is axiomatic that a mandatory injunction, like all such writs under 28 U.S.C. § 1651, is to be used only in extraordinary circumstances. Clearly, this case is one involving such circumstances. No comparable situation has been located by this Court where a pro se litigant, devious enough in most instances to avoid more expedient remedies such as res judicata, automatic dismissals with prejudice, *see* Supplemental File, Exhibit J, or the across-the-board imposition of a bar against further legal proceedings once the merits of an action have been determined, *see Green v. Wyrick,* 428 F.Supp. 732, 742–43 (W.D.Mo. 1976), *and cases cited therein,* can successfully prolong a cause of action through a series of autonomous courts and utilize tactics designed to harass both courts and defendants, all at public expense.

Therefore, this Court has promulgated a group of specific orders comprising a man-

datory injunction against plaintiff under 28 U.S.C. § 1651 which, although mild in content, will do much to diminish the effectiveness of plaintiff's sport of hide-and-seek with the courts and defendants. In addition, although plaintiff is a full-time litigator, he, as a pro se litigant, is not bound by the Code of Ethics which governs the conduct of attorneys. Thus, these orders establish *inter alia* certain ethical standards of conduct which henceforth will be applicable to this plaintiff.

Accordingly, in every cause of action hereafter filed in any federal or state court, plaintiff is hereby ordered to satisfy the following requirements:

1. Because of plaintiff's misuse of the long-arm statute in a manner designed to avoid actual service of the complaint on the defendant(s), *see* Part III.B.2.c., *supra*, plaintiff hereafter shall, in addition to using the appropriate service of process mechanism, personally send a copy of the complaint or petition to the defendant(s) or defense counsel, if known, at its correct address and submit documentary evidence to the respective court in a supplemental pleading that the complaint or petition has been so received.

2. Because of plaintiff's acknowledged and deliberate failure to serve on certain defendants copies of pleadings filed with the court and his admitted willingness to certify falsely that such procedure has been done, *see* Part III.B.2.d., *supra*, plaintiff hereafter shall personally send to counsel of record for defendant(s) a copy of every pleading to be filed with the respective court and submit proof to the court at the time the pleading is submitted for filing that opposing counsel previously has received a copy of the pleading.

3. Because of plaintiff's lack of veracity and good faith as documented throughout this opinion, all pleadings hereafter submitted by plaintiff for filing shall be verified, as provided for in Fed.R.Civ.P. 11.

4. In view of the duplicative nature of much of plaintiff's litigation and his pre-

dictable failure to disclose to the court the existence of prior similar filings which would aid the court *inter alia* in its initial Section 1915(d) determination, *see* Part III. B.2.b., *supra*, plaintiff shall include in every complaint or petition hereafter filed a list, by style, docket number, court, date filed, description and disposition, of (1) all cases previously filed on the same, similar or related cause of action and (2) all actions previously filed against one or more of the defendants, including predecessors or successors in interest or office.

5. In order to assure the necessary dissemination of the List of Cases and other matters contained in this opinion, plaintiff shall include in every complaint or petition hereafter filed a statement which refers and cites to the instant order, including a citation to the Federal Supplement citation once available.

6. To ensure a minimal degree of judicial centralization and coordination as to this plaintiff beyond this District in accordance with the theory expressed by the Aldisert Committee, *see* Aldisert Report No. 2, at 45–49, and to provide a central depository and record of plaintiff's future case filings subsequent to the List of Cases which would be available to this and other courts for use in making *inter alia* a Section 1915 determination, plaintiff shall send a copy of every complaint or petition hereafter filed to the Staff Law Clerk, Southern District of Texas, Houston Division.

Additionally, plaintiff shall provide to this Court within sixty days a list, by style, docket number, court, date filed, description and disposition, of those causes of action, excluding mandamus petitions filed at the appellate level of the state and federal court and other appellate filings which are not included in the List of Cases in Part III.B.1., *supra*, and which plaintiff has filed in any court since 1960.

Failure of plaintiff to comply with any of the orders stated herein will subject him to imposition of an appropriate sanction, including further restrictions on the nature of his access to the courts.

### V. CONCLUSION

The Fifth Circuit Court of Appeals has encouraged district courts to develop

"imaginative and innovative methods of dealing with the flood of prisoner complaints and suits, most of which are . . filed in forma pauperis."

*Taylor v. Gibson,* 529 F.2d 709, 717 (5th Cir. 1976). Utilizing the discretion provided for in Section 1915(d), this Court and District in prior opinions have addressed two special aspects of the overall prisoner litigation problem in accordance with this appellate mandate. *See Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex.1977); *Hill v. Estelle,* 423 F.Supp. 690 (S.D.Tex.1976). This opinion confronts an additional problem area which, because of the continuing bad faith and abuse involved, cries out for a full, effective solution.

As demonstrated in this opinion, Carter is a litigant without principle or any semblance of good faith who has taken full advantage of the liberal privileges routinely accorded pro se litigants proceeding in forma pauperis. Having heretofore escaped close scrutiny, he has exercised every effort to make a mockery of 28 U.S.C. § 1915 and the integrity of the judicial system.

Although an atypical prisoner litigant, Carter is not alone. Other inmates, while not as experienced in law and procedure as Carter, have made a hobby while in prison with little else to do of engaging in protracted federal court litigation at the expense of the federal government. To date, few controls have been placed on their efforts, chiefly because of the time required to piece together and compare the filings and practices of a single multiple filer in different courts, a lack of appellate guidance in this area and the difficulty in promulgating an effective remedy short of a total denial of access to the courts.

However, tighter controls such as those fashioned in this opinion are on the horizon as federal courts now begin to reach a plateau where, because of improvements in centralization proposed by the Aldisert Committee and made possible by the Staff Law Clerk program of the Federal Judicial Center as well as technical advancements such as LEXIS, they can attain for the first time an overview of the handiwork of these abusive multiple filers. *See, e. g., Green v. Wyrick,* 428 F.Supp. 732 (W.D.Mo.1976). As Judge Elmo B. Hunter set forth so cogently in that case with reference to inmate Green:

Moreover if the authorities and principles which have been cited do not constitute sufficient precedent for the issuance of an injunction in this case, it is time that such a precedent should be made. For, as this Court observed on an earlier occasion, unless the Courts of this nation are to be deemed to be powerless to stop such a flagrant abuse of the judicial process, one man will be able to preempt so much judicial time at the trial and appellate levels as to thwart the very ability of the judicial system to carry out its necessary judicial function of properly processing its criminal and civil docket of cases filed by other litigants who may have meritorious matters. The time clearly has come to take appropriate action to the end that Clovis Carl Green, Jr.'s history of intentional and gross abuse of the judicial process is terminated.

*Id.* at 743.

EXHIBIT 1

NO. 893,613

| | |
|---|---|
| ALBERT H. CARTER | IN THE DISTRICT COURT |
| —vs— | OF HARRIS COUNTY, TEXAS |
| THE MONEY TREE COMPANY | 189th JUDICIAL DISTRICT |

DEFENDANT'S ANSWER

Comes now THE MONEY TREE COMPANY, defendant in this cause, by and through its president, JOE SANDERS, and files this its answer to the petition

heretofore filed by plaintiff, ALBERT H. CARTER. Defendant hereby enters a general demurrer on the ground that notwithstanding the truth of plaintiff's allegations, he is a penitentiary inmate without any civil rights, and therefore has no legal capacity to sue in any civil court, wherefore this suit should be summarily dismissed.

THE MONEY TREE COMPANY

(s) Joe Sanders, President
9741 James Avenue South
Minneapolis, Minnesota 55431

EXHIBIT 2

# The Money Tree Company
### Experienced Specialists in Fund Raising

Phone: (612) 884–3554 • 9741 James Ave. So. • Minneapolis, Minnesota 55431

August 23, 1972

Mr. Ray Hardy
District Clerk
Houston, Texas 70002

Dear Mr. Hardy:

I received a copy of the Money Tree answer to Number 893613 that you were so kind to send to me. I never received a copy of the so-called plaintiff's original petition from your court and so knew nothing about any suit pending against The Money Tree Company. My defendant's answer is a forgery and this is the first time that I have seen it. Al Carter did his best to copy my signature and he thought he was writing the initials of one of my secretaries (my daughter) but he should have remembered that her initials were B.J.M. and not B.J.J. Mr. Carter has had legal training and professes himself to be a legal expert as you can see by his actions.

Mr. Carter owes Money Tree Company about $3,000.00 because we paid him more draw money than his commissions warranted over the 18 months from August 1969 until February 1971. In his petition, he failed to indicate that he was paid these draws. In the second place, we are short over $9,000.00 worth of goods and can't find where they went. We haven't attempted to collect the $3,000.00 from Mr. Carter since he is in prison. Mr. Carter was never an employee of The Money Tree Company. He was an independent contractor carrying several other lines, some in competition to our products, as we discovered later, and some that we knew about.

Would your office please keep me informed of any further harassment on Mr. Carter's part?

Sincerely,
THE MONEY TREE COMPANY

J. J. Sanders
President

JJS/ds

EXHIBIT 3

NO. 888,166

| ALBERT H. CARTER | ) | IN THE 190th DISTRICT COURT |
| --vs-- | ) | |
| WIL E. SCHROEDER | ) | OF HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Now comes the defendant in this suit, Wil E. Schroeder, and answers the First Amended Petition filed by the plaintiff, Albert H. Carter.

Defendant does not deny the plaintiff's contentions, nor even the amount of his damages but, in fact, concedes the same. However, defendant enters a general demurrer on the ground that the plaintiff is a convicted and imprisoned felon who has no civil rights to sue in any civil court, therefore this court has no jurisdiction to entertain this suit.

Respectfully submitted,

[s] Wil E. Schroeder
Defendant
P.O. Box 40410
Houston, Texas 77040

cc: Mailed to plaintiff
    January 10, 1972

EXHIBIT 4

NO. 893,617

| ALBERT H. CARTER | ) | IN THE DISTRICT COURT |
| --vs-- | ) | OF HARRIS COUNTY, TEXAS |
| MASCO MECHANICAL CONTRACTORS, INC. | ) | 61st JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER

Comes now MASCO MECHANICAL CONTRACTORS, INCORPORATED, the defendant in this lawsuit, by and through its President, Manuel Salinas, and answers, the plaintiff's original petition in this action by filing a general demurrer on the ground that although all of the facts and damages alleged by plaintiff are no doubt true and correct, he is nevertheless a convict without any civil rights and because of his status he has no legal right to file a civil lawsuit in this or any other court.

Defendant therefore respectfully shows that this court must and should dismiss this lawsuit summarily.

MASCO MECHANICAL CONTRACTORS, INC.

[s] Manuel Salinas, President

cc: Albert H. Carter,
    Plaintiff